Raymond W. GUIDRY, Appellant,

v.

GULF OIL CORPORATION, Appellee.

No. 10610.

Court of Civil Appeals of Texas.

Austin.

Jan. 21, 1959.

Rehearing Denied Feb. 18, 1959.

Roberson L. King, Houston, for appellant.

Joseph H. Sperry, Houston, Keith, Mehaffy, McNicholas & Weber, Beaumont, for appellee.

GRAY, Justice.

This appeal is from a summary judgment.

Appellant, Raymond W. Guidry, was employed as a pipefitter's helper by appellee, Gulf Oil Corporation, at its Port Arthur, Texas, Refinery. On October 25, 1956, he was directed to report to one McWilliams, a pipefitter, for work. He did so report, a fight between the two followed, appellant was discharged and McWilliams was suspended.

Appellee was a member of a labor union which had a contract with appellant, the terms of which contract reserved the right to appellee to discharge or suspend any employee for cause. The contract also provided for grievances to be submitted to the company and if not satisfactorily settled then that such grievances may be submitted to arbitration and that:

"5. (B) The decision of a majority of the arbitrators shall be final and binding on both parties for the remaining period of this agreement."

The same section of the contract (Art. 17) that reserved to the employer the right to discharge or suspend an employee for cause also provided that:

"When an employee is discharged or voluntarily resigns, he shall immediately lose all rights and benefits as an employee, except the right to appeal an alleged unjust discharge, as provided in Section 3 of this article, or as provided in Articles XIX and XX. When an employee is suspended, he shall lose all rights to wages during the period of suspension, but his other rights and benefits as an employee shall be retained."

Subsequent to appellant's discharge the matter was submitted to arbitration. A majority of the board, appellee's representative dissenting, made the following award:

"Upon the basis of all the evidence and argument, it is the award of a majority of the Arbitration Committee that the discharge of Raymond W. Guidry for his participation in the altercation with J. L. McWilliams on October 25, 1956 was unreasonably discriminatory in the face of a ten day's suspension imposed upon McWilliams, and should, for that reason be set aside.

"It is the further award of a majority of the Arbitration Committee that because of demonstrated inability to practice the understanding and tolerance required of him in his new position as a pipefitter's helper, Guidry should be demoted to his former job in the Labor Division and be regarded as ineligible to bid for new jobs in the operation and mechanical divisions for a period of six months from the date of this award.

"It is the further award of a majority of the Arbitration Committee that the Company should pay back wages to Guidry at the rate applicable to his former job in the Labor Division for the period between the date of his discharge and the date of his reinstatement under the terms of this award, less the amounts, if any, which he has earned in the interim in employment elsewhere."

Appellant refused to abide by the award and appellee filed this suit to enforce it. Appellant filed its motion for summary judgment and alleged that the award was void for the reason that the arbitrators exceeded their authority in making it and that no rights were conferred on appellant by the award and prayed that the cause be dismissed. Upon hearing the trial court found that the award was void because the board exceeded its authority under the submission agreement and dismissed the cause "for want of jurisdiction."

Here as was the case in National Labor Relations Board v. Local Union No. 1229, 346 U.S. 464, 74 S.Ct. 172, 98 L.Ed. 195, the discharge was allegedly for cause which was not connected or related to a labor dispute and for which reason the trial court had jurisdiction to hear and

determine the question presented by appellant's suit.

■ The contract reserved to appellee the right to discharge appellant for "cause" but it did not define the term. Appellant asserted that McWilliams made an assault on him and that he used only such force as was proper in his own self defense for which reason his discharge was unjust. Appellant then, under the contract, had the right to have the matter submitted to arbitration. The duty then rested on the arbitrators to determine whether appellant was guilty of such misconduct, dereliction of duty, insubordination, disobedience, disloyalty or other improper conduct creating a breach of the employment contract and giving rise to just cause for his discharge. National Labor Relations Board v. Local Union No. 1229, supra.

Appellee does not say that the board did not have jurisdiction to make an award but does say that the board was not authorized to make the award that the majority did make.

Our attention has not been directed to any provision of the contract, and we have found none, authorizing the board to arbitrate matters not included in the agreement. Section 3 of Art. 20 of the contract does provide:

"Any question on any matter outside of this agreement shall not be the subject of arbitration. Either party shall have the right to determine whether a question on any matter is outside of the agreement."

This section seems to refer to the contract.

The board stated the question for its decision in the following language:

"The sole issue for decision in this case is whether the Company's discharge of Raymond W. Guidry, pipefitter's helper, was for 'cause' within the meaning of Article XVII of the parties' contract which declares that

'The Company reserves the right to discharge or suspend any employee for cause.' "

■ If this statement of the issue to be decided is correct (the parties do not contend that the submission agreement was different) then the authority of the board was limited to deciding that one question and any attempt of the board to make an award beyond this issue is void because made beyond its power. Fortune v. Killebrew, 86 Tex. 172, 23 S.W. 976; Lone Star Cotton Mills v. Thomas, Tex.Civ. App., 227 S.W.2d 300, 307

Paragraph one of the award supra found that appellant's discharge was discriminatory and that it should be set aside. It may be here said, or at least questioned, that this finding is in conflict with the succeeding finding that appellant has "demonstrated inability to practice the understanding and tolerance required of him in his new position of pipefitter's helper." By his contract of employment appellant impliedly, at least contracted contrary to his finding. However because it is our opinion that paragraphs two and three of the award supra are void for the reason that they were beyond the power of the board because not contained in the submission agreement we need not dwell on this suggested conflict in the findings.

■ The board was not authorized to demote appellant or to direct that he be paid back wages.

■ If the board had merely made an award setting the discharge aside the award would have been within the issue submitted. At most the failure to expressly find that the discharge was not for cause would have been only an irregularity and not sufficient to invalidate the award. 4 Tex.Jur. p. 699, Sec. 33. There was in fact such implied finding.

■ It now remains for us to determine whether the void portions of the award (paragraphs two and three) can be dis-

regarded and leave the valid portion standing.

The rule applicable here is stated in 3 Am.Jur., p. 957, Sec. 134, as follows:

"* * * but it is now settled that the invalidity of a portion of an award, except in the case of fraud, or misconduct of the arbitrators, will not affect the validity of the balance if the two portions are distinct and independent so that, the void part being rejected, the remaining parts will still truly express the judgment of the arbitrators and the justice of the case between the parties will not be altered. The principle of the law is that an award should always be supported if possible, and that if the whole may not stand, still it is desirable that the good shall prevail independently of the bad."

In 6 C.J.S. Arbitration and Award § 89, p. 234, it is said that:

"* * * it is generally held that an award which is good in part and bad in part will be sustained as to that which is good if the two parts are severable, or the void part is not necessary to the finality of the award under the submission, or is not the consideration of the thing awarded to be done on the other side. On the other hand, the partial invalidity will vitiate the entire award if it is not severable, or if that part which would otherwise be good is so connected with that which is bad as to show that justice can not be done by permitting only a part of the award to have effect."

Texas authorities are in accord with the rule as above stated. 4 Tex.Jur. p. 698, Sec. 32.

Clearly paragraph one of the award is valid under the submission agreement. It is severable from paragraphs two and three because it is distinct and independent of those paragraphs and is not connected

therewith. An illustration of the correctness of what we have just said is the fact that until the board had made a finding that the discharge was not for cause within the meaning of the contract (paragraph one) then there was no occasion for it to consider or make any finding as to demotion or back pay. It is our opinion that paragraph one of the award is valid and that it is independent of and severable from paragraphs two and three.

What has been said is sufficient to show that the trial court erred in sustaining appellee's motion for summary judgment, finding that the award is void and dismissing the suit.

In appellee's answer to appellant's petition it alleged that:

"This being a suit to enforce an arbitration award, and the award being void, and the plaintiff having no rights under the statutory or common laws of Texas which could be enforced herein (defendant having an absolute right to discharge any employee for any cause in the absence of some statute or agreement to the contrary), no jurisdiction exists in this court to hear and determine this cause."

We have held supra that there was a valid award and what we have already said as to the issue of cause is sufficient to show that the contract did not give to appellee "an absolute right" to discharge employees for "any cause." The right of appellee to discharge employees for alleged cause must not be abused but is to be reasonably and fairly exercised as a reasonable and proper penalty for the offense committed, that is to say that there should exist a just cause for discharge.

There appears to be no occasion to remand this cause to the trial court for further proceedings because we have held there was a valid award and since there has been no attack made on it for fraud, misconduct or gross mistake it is binding

on the parties. Accordingly the judgment of the trial court is reversed and judgment is here rendered sustaining paragraph one of the award and that paragraphs two and three thereof are void.

Reversed and rendered.

HUGHES, J., not sitting.