GULF OIL CORPORATION v. RAYMOND W. GUIDRY.

No. A-7242. Decided July 22, 1959.
Rehearing Overruled October 7, 1959.
(327 S.W. 2d Series 406)

*Keith, MeHaffy, McNicholas & Weber, Quentin Keith,* of Beaumont, and *Joseph H. Sperry,* of Houston, for petitioner, Gulf Oil Corporation.

*Roberson L. King,* of Houston, for respondent, Guidry.

MR. JUSTICE CALVERT delivered the opinion of the Court.

Raymond W. Guidry sued Gulf Oil Corporation to enforce an arbitration award. Gulf answered. Both parties filed motions for summary judgment. Gulf's motion was granted and the suit was dismissed. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment sustaining paragraph one of the award and declaring paragraphs two and three void. 320 S.W. 2d 691. Both parties applied for writ of error. We granted Gulf's application and, as is our custom, we granted Guidry's in order to bring all questions in controversy before us for review.

The suit grew out of a physical altercation between Guidry, a Negro, promoted by Gulf only a short time before from laborer to pipefitter's helper, and one McWilliams, a white man. As a result of the altercation Gulf suspended McWilliams for ten days and discharged Guidry. Under the terms of Section 1 of Article XVII of a contract between Gulf and the Union of which Guidry was a member, Gulf reserved the right to discharge or suspend employees "for cause." The contract also provided for the presentation of union grievances to Gulf and, if not otherwise satisfactorily settled under other provisions of the contract, to arbitration by a three-member Arbitration Committee to be composed of a member selected by Gulf, a member selected by the Union and a third member to be agreed upon by the first two from a panel of five submitted by the Federal Mediation and Conciliation Service. The contract provided that the decision of a majority of the arbitrators should be final and binding on both parties for the remaining period of the contract. In due course the Union's complaint as to Guidry's discharge was presented to Gulf and was by Gulf rejected and was then submitted to an Arbitration Committee composed of L. R. Johnson, representing Gulf, John Syers, representing the Union, and Charles A. Reynard, impartial arbitrator. The sole issue submitted to arbitration, as stated in a report by Reynard, was "whether the Company's discharge of Raymond W. Guidry, pipefitter's helper, was for 'cause' within the meaning of Article XVII of the parties' contract."

After hearing evidence, Reynard, on March 7, 1957, proposed for approval an award as follows:

"Upon the basis of all of the evidence and argument, it is the award of a majority of the Arbitration Committee that the discharge of Raymond W. Guidry for his participation in the altercation with J. L. McWilliams on October 25, 1956 was unreasonably discriminatory in the face of a ten days' suspension imposed upon McWilliams, and should, for that reason be set aside.

"It is the further award of a majority of the Arbitration Committee that because of demonstrated inability to practice the understanding and tolerance required of him in his new position as a pipefitter's helper, Guidry should be demoted to his former job in the Labor Division and be regarded as ineligible to bid for new jobs in the operation and mechanical divisions for a period of six months from the date of this award.

"It is further the award of a majority of the Arbitration Committee that the Company should pay back wages to Guidry at the rate applicable to his former job in the Labor Division for the period between the date of his discharge and the date of his reinstatement under the terms of this award, less the amounts, if any, which he has earned in the interim in employment elsewhere."

The proposed award was made final through agreement by Syers.

The Court of Civil Appeals has held that in so far as the award undertakes to demote Guidry to his former job, make him ineligible to bid for promotion for a period of six months, and to award him back wages to the date of his discharge at the rate of pay applicable to his former job, less earnings, the award is void because to that extent the arbitrators acted on matters not submitted to arbitration and which were therefore in excess of their authority. On the theory that the award is severable into distinct parts the Court has held, however, that the first part of the award is valid and should be approved.

It will be noted that in the first paragraph of the award the arbitrators did not expressly find that cause did not exist for Guidry's discharge, but found that his discharge was "unreasonably discriminatory in the face of a ten days' suspension imposed upon McWilliams, and should for that reason be set aside." The Court of Civil Appeals implied a finding that cause did not exist for Guidry's discharge and that holding is not questioned by Gulf in this Court. We are therefore not at liberty to re-examine that question or to determine whether the finding was in excess of the authority of the Arbitration Committee as that authority was defined and limited by the question submitted. Gulf complains here only of the holding of the Court of Civil Appeals that the award was severable. It contends that the entire award must fall because of the invalidity of the second and third paragraphs and that the Court of Civil Appeals erred in not so holding. In his application Guidry complains of the holding of the Court of Civil Appeals that paragraphs two and three of the award are void. In answer to Gulf's application Guidry seeks, in any event, to sustain the Court's holding that the award is severable and that that part which finds that cause did not exist for his discharge is valid.

1 We agree with the Court of Civil Appeals' holding that paragraphs two and three of the award are void. It would add

nothing of value to the opinion of the Court of Civil Appeals to discuss the matter at length. Fortune v. Killebrew, 86 Texas 172, 23 S.W. 976, cited by the Court of Civil Appeals, settles the law in this state to be that when arbitrators attempt to determine matters not submitted to their determination, as to such matters the award is void. See also Lone Star Cotton Mills v. Thomas, Texas Civ. App., 227 S.W. 2d 300, no writ history. That is also the general rule in other jurisdictions. 6 C.J.S. 219-220, Arbitration and Award, Sec. 80; 3 Am. Jur. 945-946, Arbitration and Award, Sec. 123. Moreover, the authority of arbitrators is derived from the arbitration agreement and is limited to a decision of the matters submitted therein either expressly or by necessary implication. 6 C.J.S. 167-168, Arbitration and Award, Sec. 27c.

Here, the question of what penalty should be imposed on Guidry for his participation in a fight was not submitted to the Arbitration Committee, and the award of a majority of the arbitrators purporting to inflict penalties was in excess of their jurisdiction and void. The only question submitted was whether Guidry was discharged "for cause." It may well be, as Guidry suggests, that a decision faborable to Guidry of the only question submitted to arbitration would not have solved the controversy between the parties completely unless the arbitrators were permitted incidentally to restore him to his job with back pay. But the arbitrators did not restore him to his job with back pay. They demoted him to another job, denied him the right to bid for promotion for a period of six months, and awarded him back pay at the rate paid in the lower classification. Because of our decision of the question next to be discussed we need not speculate on the legal effect to be given an award which would have done no more than decide favorably to Guidry the only question submitted, or on the validity of an award which restored him to his job of pipefitter's helper with back pay at the rate provided for that job. Neither do we find it necessary to decide whether, if they had so chosen, Gulf and the Union, under other provisions of their contract, could have submitted to arbitration the question of what penalties other than discharge should be imposed.

We do not agree with the conclusion of the Court of Civil Appeals that the arbitrators' decision that cause did not exist for Guidry's discharge is severable and distinct from the invalid portions of the award.

2   We may accept as sound the rule quoted by the Court of

Civil Appeals from 3 Am. Jur. 957, Arbitration and Award, Sec. 134, as follows:

"* * * but it is now settled that the invalidity of a portion of an award, except in the case of fraud, or misconduct of the arbitrators, will not affect the validity of the balance if the two portions are distinct and independent so that, the void part being rejected, the remaining parts will still truly express the judgment of the arbitrators and the justice of the case between the parties will not be altered. The principle of the law is that an award should always be supported if possible, and that if the whole may not stand, still it is desirable that the good shall prevail independently of the bad."

The rule has been further refined by the Supreme Court of the United States in McCormick v. Gray, 13 How. (U. S.) 26, 14 L. Ed. 36, 41, where it is said: "There are cases in which, after rejecting part of an award, the residue is sufficiently final, certain, and in conformity with the submission, to stand; *but it is indispensable that the part thus allowed to stand should appear to be in no way affected by the departure from the submission.*"[1]

**3** To test whether in this case "the void part being rejected, the remaining parts [of the award] will still truly express the judgment of the arbitrators," within the rule announced by American Jurisprudence, and whether the finding by the arbitrators that cause for Guidry's discharge did not exist is "in no way affected" by the penalties assessed, within the rule of McCormick v. Gray, supra, we may look to the evidence showing the context in which the award was made.

Following the hearing held by the Committee, Reynard submitted to the other two arbitrators a written resume of the evidence and of the parties' contentions, together with a report of his findings and conclusions which formed the basis of his recommended award. After reviewing the conflicting evidence as to which of the combatants struck the first blow, Reynard said:

"The case then, comes down to this, two employees have committed acts which impair plant discipline. The impairment is much more serious than the ordinary fight between fellow employees (itself a serious issue) because it is concerned with the the omnious problem of race relations, a problem which the

---

1.—Emphasis ours throughout.

company quite properly regards as critical, particularly in the circumstances and at the time of this case.

\* \* \* \*

"The difficulty here, however, is that the Company has imposed differing penalties upon different individuals in a case where it must be said that both of the men contributed to the impairment of discipline in a most serious and delicate area. *If the Company had suspended both men or discharged both men, the impartial arbitrator would sustain the Company's action without further consideration.* But in the circumstances of this case, and agreeing with the Company's thesis that the reduction and dispelling of racial tension in the plant is one of its prime considerations, it is impossible for the impartial arbitrator to agree with the Company that the penalties it has imposed here are either (1) equitable, or (2) designed to accomplish the end sought.

"\* \* \* Weighing these circumstances in balance it is exceedingly difficult to avoid the conclusion that *the discrimination involved here was unreasonable* \* \* \*.

When the foregoing report and Reynard's proposed award was submitted to Johnson and Syers, Johnson refused to agree to the award on the ground that the only question submitted to arbitration was whether cause existed for Guidry's discharge and that the award exceeded the Committee's authority and required action (demotion, etc.) which was violative of other provisions of Gulf's contract with the Union. Syers wrote Reynard and stated: "The Union concurs in part one of the Award. Part two non-concur. Part three non-concur. Your letter to us regarding the proposed Award is arbitrary [sic] to the Contract." Thereupon Reynard wrote Syers, referred to his concurrence in part one and nonconcurrence in parts two and three of the proposed award, and continued:

"Although my letter of March 7 did not expressly say so, it was my feeling then, as it is now, that the award is not divisible into the 'parts' that your letter suggests. *It is my feeling that the proposed award must either stand or fall as an entirety, and may not be treated as being severable.*

"Just as the Union is apparently unwilling to join in an award which contains the so-called second and third 'parts' of my tentative award, *I, on the other hand, would be unable and*

*unwilling to join in an award that simply set aside Guidry's discharge.* As my decision indicates, I have concluded that Guidry was guilty of wrongdoing, and is therefore, subject to some punishment. To this extent I have agreed with the Company. My difference with the Company is concerned with the measure of the penalty imposed. On this point, I feel that discharge was, under the circumstances, unreasonably discriminatory.

"Because of my failure to be explicit about the non-separability of my tentative award in my letter of March 7, and to eliminate any possible misunderstanding on the point, I am writing you once again to make it entirely clear that (in view of Mr. Johnson's dissent) *unless the Union joins with me in my tentative award in its entirety, there will be no award* in this case for noncompliance with the requirements of Article XX, Section 1 (B) of the Contract which declares that 'The decision of a majority of the arbitrators shall be final and binding on both parties for the remaining period of agreement.' "

Syers then wrote Reynard, in part as follows:

"It is my decision, in the light of your determination that the award is not separable, to vote and concur with the impartial arbitrator. * * * This choice I feel further compelled to make since my failure to vote either way would also create an unsatisfactory situation which would call for new attempts at determining whether the question is still arbitrable, with attendant delays, expenses and uncertanty [sic] of any other awards which might in the long run far outweigh the utility of Reinstatement."

The award thus agreed to by Syers became final.

The quotations from Reynard's written report made in connection with his proposed award clearly indicate that he felt that cause existed for Guidry's discharge. The basis for his vote to set aside the discharge was predicated solely on his finding that the penalty imposed on Guidry was unreasonably discriminatory. He stated in so many words that had McWilliams also been discharged he would vote to sustain the discharge of Guidry. That statement could only have sprung from a conviction that cause existed for the discharge of both men. The report thus indicates that Reynard's vote to find that cause did not exist for Guidry's discharge was inextricably interwoven with and conditioned upon those parts of the award by which an effort

was made to more nearly equalize the punishment visited upon Guidry with that inflicted upon McWilliams. But Reynard has not left us to speculate about this from the contents of his report. His letter to Syers removed all doubt of it. It may be, as counsel for Guidry suggest, that the statement of Reynard in the letter that the award was not divisible into parts and was not severable would not in law, make it indivisible and inseparable, but his statements that he "would be unable and unwilling to join in an award that simply set aside Guidry's discharge" and that unless the Union joined with him in his "tentative award in its entirety" there would be no award, leave no room for doubt that the award is indivisible and inseparable.

The contract between Gulf and the Union provided for arbitration by a majority of the aritrators. Syers agreed to the award in so far as it set aside Guidry's discharge. Johnson did not agree. Reynard agreed only on condition that Guidry would suffer the penalties imposed. The penalties imposed thus "affected" Reynard's controlling vote on the part of the award setting aside the discharge, and when the penalties go out of the award the part remaining will not still "truly express the judgment of the arbitrators." By way of example, Evans v. DeSpain, Texas Civ. App., 37 S.W. 2d 231, writ dismissed, indicates the type of an award in which the invalidity of a part renders the whole void, and Ferguson v. Ferguson, Texas Civ. App., 93 S.W. 2d 513, writ dismissed, indicates the type of an award in which an invalid part will not render the whole void.

The award is declared void in its entirety. In so far as the judgment of the Court of Civil Appeals declared paragraph one of the award valid and enforceable, the judgment is reversed. We can perceive of no sound basis for the trial court's judgment dismissing the case. The invalidity of the award did not prevent the court from having jurisdiction to adjudicate the suit on its merits. Evans v. DeSpain, supra. The judgment is set aside and judgment is here rendered that the plaintiff take nothing by his suit, without prejudice, however, to such rights as he may have, if any, to further arbitration under the governing contract.

Opinion delivered July 22, 1959.

Rehearing overruled October 7, 1959.