Affirmed and Opinion filed January 27, 2004

















Affirmed and
Opinion filed January 27, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-02-01356-CV

_______________

 

ACTION BOX CO., INC., Appellant

 

V.

 

PANEL PRINTS, INC., Appellee

___________________________________________________

 

On Appeal from the County Civil Court
at Law No. 1

Harris County, Texas

Trial Court
Cause No. 752,799

___________________________________________________

 

O P I N I O N

 

            In this arbitration dispute, Action
Box Co., Inc. appeals a judgment denying its motion to modify or vacate an
arbitrator’s decision in favor of Panel Prints, Inc. on the grounds that: (1)
the arbitrator exceeded his powers; (2) the arbitrator exercised a manifest
disregard for the law; and (3) public policy mandates reversal of the
arbitrator’s decision.  We affirm.

Background

            In a previous lawsuit, Action Box
and Panel Prints entered into a settlement agreement (the “agreement”)
containing an arbitration provision. 
After a dispute arose over the agreement, the ensuing arbitration
resulted in a take-nothing decision against Action Box, it filed a motion to
modify or vacate the arbitrator’s decision,[1] and the
trial court entered a final order denying this motion.

Jurisdiction

            As a preliminary matter, we will
address whether the judgment in this case is appealable,
and thus whether this court has jurisdiction over this appeal.  A party may appeal a judgment or decree
entered under chapter 171 of the Civil Practice and Remedies Code (the “CPRC”)
or an order: (1) denying an application to compel arbitration; (2) granting an
application to stay arbitration; (3) confirming or denying confirmation of an
award; (4) modifying or correcting an award; or (5) vacating an award without
directing a rehearing.  Tex. Civ. Prac. & Rem. Code Ann.
§ 171.098(a) (Vernon Supp.
2004).  Although we have found no cases
addressing this aspect, the only interpretation we can discern for section
171.098(a) is that a party may appeal any final
judgment entered under chapter 171 and any order, even if interlocutory, of the
five enumerated types.

            Because the order entered in this
case is not one of those five enumerated types, the judgment in this case is appealable if it is a judgment entered under chapter
171.  Again, having found no cases to
instruct us on this, we will construe the statute according to its plain
meaning, reading it as a whole to give effect to every part.  See City of San Antonio v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003).  Chapter 171
does not purport to limit the types of judgments that may be entered with
regard to arbitrations,[2] and,
if the judgment in this case is not one that was entered under chapter 171,
then it is not apparent under what statute or other authority  it could have been entered.  Nor can we conclude that the judgment in this
case is merely interlocutory because it disposed of all parties and requests
for relief that were pending before the trial court.  Under these circumstances, we find no basis
to conclude that the judgment in this case falls outside the general rule
allowing the appeal of final judgments,[3] and we
proceed to the merits of the case.

Arbitrator Exceeding Powers

            Action Box’s first issue argues that
the trial court erroneously denied its motion to modify or vacate the
arbitrator’s decision on the ground that the arbitrator had exceeded his powers
by misinterpreting the operative agreement and erroneously admitting parol evidence to construe it even though it was
unambiguous.  The authority of an
arbitrator derives from the arbitration agreement and is limited to a decision
of the matters submitted therein.  Gulf Oil Corp. v. Guidry,
160 Tex. 139, 327 S.W.2d 406, 408 (1959).  Action Box does not contend that the
arbitrator decided an issue that was outside the scope of the agreement, but
merely that he decided an issue within the scope of that agreement
incorrectly.  Because this would not
amount to exceeding his powers (even if true),[4] Action
Box’s first issue affords no basis for relief and is overruled.

Manifest Disregard

            Action Box’s second issue contends
that the arbitrator exercised a manifest disregard of the law by imposing an
obligation on Action Box to perform the agreement in good faith.  However, the manifest disregard standard is a
federal common law doctrine, the underlying rationale for which the United
States Supreme Court has largely rejected as reflecting a general suspicion of
the desirability of arbitration and competence of arbitration tribunals that is
difficult to reconcile with the Court’s subsequent decisions involving the
Federal Arbitration Act.  See Shearson/American Express,
Inc. v. McMahon, 482 U.S. 220, 231-32 (1987). 
Moreover, Action Box has cited, and we have found, no Texas case
applying the manifest disregard standard except in circumstances where the
Federal Arbitration Act, rather than the Texas Arbitration Act, applied.  Because there is no allegation in this case
that the federal act applies here,[5]
Action Box has not demonstrated that the manifest disregard standard has any
application to this case.  Accordingly,
we decline to apply it and overrule Action Box’s second issue, asserting a
violation of that standard.

Public Policy

            Action Box’s third issue asserts
that reversal of the arbitrator’s decision is required by public policy because
such erroneous decisions discourage litigators from participating in arbitration.  An arbitration award cannot be set aside on
public policy grounds except in an extraordinary case in which the award
clearly violates carefully articulated, fundamental policy.  CVN Group, Inc. v. Delgado, 95 S.W.3d 234, 239 (Tex. 2002).  An arbitration
award made in direct contravention of constitutional protections, such as
wholly disregarding the requirements for perfecting a mechanic’s lien on a
homestead, would be of such a magnitude as to violate public policy.  Id.  Because the contract interpretation errors
complained of by Action Box in this case do not begin to approach such a
fundamental policy contravention, its third issue is overruled, and the
judgment of the trial court is affirmed.

 

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment rendered and Opinion filed
January 27, 2004.

Panel consists of Justices Edelman,
Frost, and Guzman.

 











[1]           Neither party filed a motion to
confirm the arbitration award or sought other relief.





[2]           Although section 171.092 requires a
trial court to enter a corresponding judgment whenever it grants an order
confirming, modifying, or correcting an award, it does not restrict the
authority of a court to enter other types of judgments relating to
arbitrations.





[3]           Because this provision is
substantially the same as the corresponding provision under the Uniform
Arbitration Act, it is to be construed not only to effect
its purpose, but also to provide a uniform construction among the respective
states.  See Tex. Civ.
Prac. & Rem. Code Ann.
§ 171.003 (Vernon Supp.
2004).  Although we do not adopt their
reasoning, courts in other states have found denials of motions to vacate to be
appealable on the basis that such a denial is
equivalent to a confirmation of the award because confirmation is required by
the statute if a motion to vacate, modify, or correct is denied.  See Hogue v. Popham Haik
Schnobrich & Kaufman Ltd., 753 A.2d 1014,
1017-18 (D.C. 2000); Tung v. W. T. Cabe
& Co., 492 A.2d 267, 268 n.1 (D.C. 1985) (same); McClellan v. Barrath Constr.
Co., 725 S.W.2d 656, 658-59 (Mo. Ct. App. 1987); Indep. Sch.
Dist. No. 88 v. Sch. Serv.
Employees Union Local 284, 490 N.W.2d 431, 433 n.1 (Minn. Ct. App.
1992);  Kemether v. Aetna Life & Cas Co., 656 A.2d
125, 126-27 (Pa. Super. Ct. 1988).  But see W. Waterproofing Co. v. Lindenwood Colls., 662 S.W.2d
288, 289 (Mo. Ct. App. 1983) (holding no appeal from the denial of a motion to
vacate); Dunlap v. State Farm Ins. Co.,
546 A.2d1209, 1210-11 (Pa. Super. Ct. 1988)
(holding that an order denying a motion to vacate was not final because the
trial court had failed to also enter an order confirming the arbitration
award).





[4]           See Hisaw & Assocs. Gen. Contractors, Inc. v. Cornerstone
Concrete Sys., Inc., 115 S.W.3d 16, 20 (Tex. App.—Fort
Worth 2003, no pet.).





[5]           Moreover, where applicable, the
federal act preempts all otherwise applicable state laws.  Jack B. Anglin Co. v. Tipps, 842
S.W.2d 266, 271 (Tex. 1992).  Therefore, the
state law standard under the CPRC and the federal common law standard could not
apply in the same case, as Action Box contends.