

NUMBER 13-15-00217-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SHERI EDDLEMAN,                                                          Appellant,

v.

MATTHEW J. OCKER,                                                         Appellee.

**On appeal from the 319th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Justices Garza, Benavides and Longoria
Memorandum Opinion by Justice Garza**

Appellant Sheri Eddleman challenges the trial court's order vacating an arbitration award arising from a dispute between Eddleman and her ex-husband, appellee Matthew J. Ocker. Eddleman argues by one issue on appeal that the trial court erred in determining that the arbitrator exceeded his authority in issuing the award. Because we agree, we reverse and remand.

## I. BACKGROUND

### A.     Mediated Settlement Agreement

A final decree of divorce between the parties was rendered by the 24th District Court of Victoria County on May 15, 2009. The decree contained a modified standard possession order under which Ocker would have access to the parties' two daughters, H.N.O., born in 2000, and M.H.O., born in 2004. The decree further stated that Eddleman had "the exclusive right to designate the primary residence" of the children "without regard to geographic location," but that if Eddleman moved the children out of Victoria County, she would be responsible for transporting the children to Ocker's residence once per month at her sole expense.

In 2012, Eddleman moved with the children to Tarrant County. Ocker then filed a petition in the 24th District Court to modify the previously-ordered parenting plan. A temporary order was entered on September 19, 2012 and, following mediation, the parties entered into a "Mediated Settlement Agreement" ("MSA") on March 29, 2013. The MSA altered certain aspects of the visitation arrangement[1] and stated in part: "All issues pending (plead or unplead) between the parties are resolved . . . except the issue of who will provide health ins[urance] which will be litigated (Current order will stay in effect until then)." The MSA additionally contained the following provisions:

> 3. The parties will execute and file an Agreed Order or Final Decree resolving all claims in the above-styled and numbered case. Each party will bear his or her own costs.
>
> . . . .
>
> 5.      The parties acknowledge that this document is a memorandum of their agreement, and that the Final Decree or other Order, to be drafted

---

[1] In particular, the MSA provided, among other things, that the parties would exchange the children at a "Shell Station on Highway 77 South of Cameron," Texas.

2

hereafter, will also contain all of the ordinary, customary, and statutory provisions contained in the Texas Family Law Practice Manual. The parties further agree that this [MSA will not] survive the entry of the Final Decree or other Order.

. . . .

7.      The parties agree that the non-financial parts of this agreement (such as visitation schedules) shall commence immediately, and the financial parts (such as support) shall commence on the first day of the month following the execution of this [MSA] unless otherwise specifically stated.

. . . .

9.      This [MSA] is made and performable in Victoria County, Texas and shall be construed in accordance with the laws of the State of Texas.

10.      If one or more disputes arise with regard to the interpretation and/or performance of this Agreement or any of its provisions (pre-decree), including drafting disputes, pre-decree enforcement matters, issues relating to omitted property, or the necessity and form of closing documents, the parties agree to attempt to resolve the dispute by mediation with MICHAEL P. O'REILLY, the mediator, who facilitated this settlement. If mediation fails, the parties agree to enter into binding arbitration with MICHAEL P. O'REILLY as the arbitrator and his decision on such matters shall be binding on the parties, including any decision as to the allocation of the costs of the arbitrator in the arbitration. If litigation is brought to construe or enforce this Agreement, the prevailing party shall be entitled to recover attorney's fees, as well as court costs and expenses, including the cost of the mediation/arbitration.

The parties were unable to reach an agreement as to the language of a final order as contemplated in Paragraph 3 of the MSA. Therefore, on June 7, 2013, Eddleman filed a "Motion to Enter Judgment Pursuant to [MSA]" in the divorce proceeding. Eddleman's motion alleged that, since the mediation, Ocker represented that "the one remaining issue (being whether [Ocker] should be allowed to provide the health insurance for the children as opposed to [Eddleman] providing the insurance and being reimbursed the cost by [Ocker]), is no longer in dispute," but that Ocker "has now raised additional issues and modifications that he wants to have included in the final Order in this case." According to

3

the motion, Ocker's counsel prepared a proposed final order "purporting to conform to the [MSA]" but also "includ[ing] the additional issues which his client is now trying to raise after the mediation." The motion stated that Eddleman "does not agree that these additional items should be included nor that they should be litigated." Accordingly, Eddleman's motion asked for entry of a final judgment "in conformity with the [MSA]."

In response, Ocker filed a "Motion to Enforce [MSA]" in the divorce court, which argued that "disputes have arisen with regard to the interpretation of the [MSA] which has resulted in drafting disputes." He argued that "[c]haracterizing these issues as 'additional issues' does not change the fact that they constitute a dispute which arises out of the interpretation of the [MSA]." Ocker therefore requested that the court "enforce" Paragraph 10 of the MSA and "require the parties to resolve their disputes at mediation" or at arbitration if the mediation "fails to resolve all disputes." Ocker further asked for attorney's fees as well as mediation and arbitration costs pursuant to Paragraph 10. After a hearing on June 25, 2013, the 24th District Court granted Ocker's request to compel further mediation but denied his request for fees and costs.

## B. Breach of Contract Suit

On August 26, 2013, Ocker filed the instant lawsuit in the 319th District Court of Nueces County, alleging that Eddleman breached the MSA by filing the "Motion to Enter Judgment Pursuant to [MSA]" with the 24th District Court. The petition alleged that a mediation was scheduled for August 27, 2013, but that Eddleman "indicated that she will refuse to attend" unless certain preconditions are met,[2] and that because "[t]hese

---

[2] Specifically, Ocker alleged that Eddleman was demanding (1) that the mediation be moved from Corpus Christi to Victoria, (2) that Ocker pay 70% of the mediation cost, and (3) that the mediation be "scheduled at a time when she is not scheduled to work." He alleged that Eddleman's actions caused him to suffer damages "including but not limited to attorney's fees incurred in dealing with the preconditions;

4

preconditions are not contemplated by the [MSA]," they "effectively constitute a breach" of Paragraph 10 of the MSA, which requires the parties to "attempt to resolve their disputes" through the mediator.

According to Ocker's petition, Eddleman "has also taken the position that unless all issues with regards to the [MSA] are resolved then no portion of the [MSA] is in effect," thereby violating Paragraph 7 of the MSA, which stated that the non-financial parts of the MSA would become effective immediately. Ocker asserted that, by "ignoring" Paragraph 7 of the MSA, Eddleman "is attempting to require [Ocker] to travel to and from Ft. Worth, Texas to pick up and drop off his children," thereby causing him to suffer damages. Ocker also sought damages for "loss of business and income possibilities for the time required to transport the children" beyond the location contemplated in the MSA.

Eddleman answered the suit and filed a motion to abate the case and transfer venue to Victoria County. She contended that "[t]he present action involves the very same [MSA] which is currently being litigated in the Victoria case. The Victoria case is still pending, therefore, the Victoria [court] has domina[nt] jurisdiction, and the present action should be abated."[3]

While Eddleman's motion to abate was pending in the Nueces County suit, the 24th District Court rendered an order on October 23, 2013, that largely effectuated the terms of the MSA. The order stated in part: "This order is stipulated to represent a merger of a mediation agreement between the parties signed on March 29, 2013. To the extent

---

loss of wages and business opportunities while having to deal with the preconditions and delay in the eventual resolution of this lawsuit."

[3] In her motion to abate, Eddleman also argued that Paragraph 9 of the MSA constituted a "contractual venue provision," thereby rendering venue in Nueces County improper.

5

there exist any differences between the mediation agreement and this order, this order shall control in all instances." The order did not contain any provision regarding mediation or arbitration. Ocker appealed the order on grounds that it did not award him fees and costs. *See In re H.N.O. and M.H.O.*, No. 13-14-00125-CV, 2014 WL 3541803, at *1 (Tex. App.—Corpus Christi July 17, 2014, no pet.) (mem. op.).

Subsequently, Ocker moved the 319th District Court to compel arbitration pursuant to Paragraph 10 of the MSA, arguing that his "entire suit and all controversies between the parties arising out of the interpretation and/or performance of the [MSA] are the subject of and covered by the arbitration provision contained therein." Ocker argued that the 24th District Court's October 23, 2013 order "resolve[d] all issues" in the divorce proceeding except for his "Motion to Enforce [MSA]" because "[Eddleman] was not only disregarding her contractual obligations under the [MSA] concerning visitation of the children but was also disregarding her obligation concerning visitation of the children pursuant to the last agreed temporary orders" entered in the divorce case. On March 14, 2014, the 319th District Court granted Ocker's motion to compel arbitration and took Eddleman's motion to abate and transfer venue under advisement.

On March 17, 2014, the parties attended a mediation session which resulted in an impasse. The parties then agreed that the matter would be submitted to binding arbitration. According to a March 28, 2014 letter authored by mediator Michael O'Reilly and signed by the parties' attorneys, Eddleman and Ocker agreed that the arbitration was to "be conducted pursuant to the language in Paragraph 10 of the [MSA]" and was "intended to resolve all currently pending issues in the 319th District Court . . . as well as

6

the issues currently pending in the 13th Court of Appeals."[4]  The letter additionally stated that both parties "agreed to waive a record in the arbitration."

## C.    Arbitration Award

The arbitration proceeded and an award was issued on May 5, 2014.  The arbitrator, O'Reilly, concluded in the award that the MSA was "binding and irrevocable" and that "each party was entitled to the entry of a [judgment] based upon" the terms of the MSA, but that Ocker's proposed final order "attempted to inject new terms which were not contained" in the MSA.  O'Reilly found that this was not a "drafting dispute" as contemplated in Paragraph 10 of the MSA, but instead was an attempt by Ocker "to renegotiate the agreement and to insert a totally new term."  Eddleman's proposed final order, on the other hand, was "substantially in compliance and accurately reflect[ed] the terms of the [MSA]."

The award stated that Ocker's Nueces County lawsuit "was filed in the wrong court" in light of Paragraph 9 of the MSA, which O'Reilly characterized as a "specific agreement of the parties as to venue," and that the case should be transferred to Victoria County and consolidated with the case pending there.  O'Reilly concluded that both Ocker's breach of contract claim pending in Nueces County and Ocker's appeal of the October 23, 2013 order rendered in the Victoria County case "should be dismissed."

Finally, the award stated that Eddleman complied with the MSA and the 24th District Court's orders and that she is entitled, under Paragraph 10 of the MSA and the March 28, 2014 letter agreement, to recover $6,012.50 in reasonable and necessary

---

[4] We granted Eddleman's unopposed motion to dismiss Ocker's appeal of the March 29, 2013 order on grounds that the parties had agreed to submit the attorney's fees and costs issue to arbitration.  *In re H.N.O. and M.H.O.*, No. 13-14-00125-CV, 2014 WL 3541803, at *1 (Tex. App.—Corpus Christi July 17, 2014, no pet.) (mem. op.).

attorney's fees from Ocker. O'Reilly emphasized that the attorney's fees award included only those fees incurred by Eddleman after the 24th District Court entered its June 25, 2013 order compelling arbitration.[5] O'Reilly additionally concluded that Ocker should have paid seventy percent, rather than fifty percent, of the $3,250 in fees associated with the arbitration and the unsuccessful mediation; accordingly, the award provided that Ocker owed Eddleman $650 in mediation and arbitration fees.

Later, O'Reilly issued an amended award acknowledging that the previous award "should be amended because the Arbitrator exceeded the authority granted to him by the parties." In particular, the amended award stated in part:

> [T]he actual enabling document for the Arbitration was the letter dated March 28, 2014 authored by this Arbitrator and signed by and agreed to by the attorneys for both part[ies]. . . . That letter agreement contemplates that the issues will be limited to those arising out of the 319th District Court of Nueces County as well as 13th Court of Appeals (although it requires notice to all three Courts).

> It is therefore the current view of the Arbitrator that he has no authority to comment on, critique, or in any way change any Order arising out of the 24th District Court of Victoria County, Texas.

The amended award contained the same conclusions as in the original award except that it omitted the conclusions regarding the propriety of Eddleman's and Ocker's respective proposed final orders purporting to reflect the terms of the MSA. The amended award retained, among other things: (1) the conclusion that Eddleman had complied with the MSA and the June 25, 2013 order; (2) the conclusion that Ocker's breach of contract suit should be dismissed; and (3) the award of $6,012.50 in attorney's fees and $650 in mediation and arbitration fees to Eddleman. The amended award contained an additional

---

[5] Specifically, the award stated in relevant part that "[t]he Order of [the 24th District Court] on June 25, 2013 (in which he denied the request for attorneys fees) is res judicata to all attorneys fees incurred prior to that date."

8

finding, with respect to Ocker's breach of contract claim, that Ocker "never presented any evidence to support a finding of loss of wages or business opportunities" as alleged in his petition.

In response to a request by Ocker, the arbitrator later issued an addendum to the amended award, providing additional findings and conclusions. The addendum clarified which issues O'Reilly believed were properly before him according to the March 28, 2014 letter agreement, as follows:

1. Pursuant to the Agreement to Arbitrate dated March 28, 2014, it was the obligation of the Arbitrator to resolve "all currently pending issues in the 319th District Court in Nueces County, Texas". At the time of the arbitration, those issues were:

    a. whether there has been a Breach of Contract;

    b. what, is [sic] any, where [sic] the damages;

    c. should the case be abated; and,

    d. should the case be transferred to Victoria County.

2. Pursuant to the Agreement to Arbitrate dated March 28, 2014, the issues to be determined by the Arbitrator were "all currently pending issues . . . in the 13th Court of Appeals." At the time of the arbitration, the appeal in the 13th Court of Appeals had become mute [sic] and there were no pending issues to be resolved.

The addendum stated that the award of attorney's fees in the arbitration award was made pursuant to Paragraph 10 of the MSA, which, in turn, was incorporated by the March 28, 2014 letter agreement. It further stated that Eddleman "prevailed" on Ocker's breach of contract claim and on her motion to abate and transfer venue. Finally, the addendum stated that, if the award is confirmed, the trial court should (1) transfer the case to the 24th District Court,[6] and (2) "allocate and award attorney's fees as indicated" in the award.

---

[6] The addendum stated:

9

**D.     Motion to Vacate**

Ocker moved the 319th District Court to vacate the arbitration award on grounds that O'Reilly exceeded his authority as arbitrator.  Specifically, Ocker alleged that O'Reilly exceeded his authority in issuing the award by:  (1) addressing "issues not pending in the 319th District Court or the 13th Court of Appeals," because the arbitration was limited to only those issues according to the March 28, 2014 letter agreement; (2) addressing Eddleman's motion to abate the case and transfer venue, because the case had already been abated and the motion was moot; (3) determining that venue lay in Victoria County, because Eddleman had already agreed to arbitrate at O'Reilly's office in Nueces County; and (4) by awarding fees and costs to Eddleman, because there had been no ruling that Eddleman was a prevailing party.  Eddleman filed a response to the motion to vacate as well as her own motion to confirm the arbitration award.

The 319th District Court granted Ocker's motion to vacate and denied Eddleman's motion to confirm.  It rendered an order containing various findings and conclusions, including:  (1) that the arbitrator exceeded his authority by "considering" Eddleman's motions to abate and to transfer venue, "which both had become moot and were no longer pending motions before the 319th District Court"; (2) that when Eddleman "agreed to mediate and then to arbitrate the pending issues in the 13th Court of Appeals and the 319th District Court the relief sought in the 13th Court of Appeals had been accomplished and therefore the appeal became moot"; (3) that the "pending issues" before the 319th District Court at the time the parties agreed to mediate and arbitrate included whether

The Arbitrator is mindful that all matters have been concluded in the 24th District Court of Victoria County.  However, that Court remains the Court of Continuing Jurisdiction (in the Suit Affecting Parent-Child Relationship) until such time as it may be transferred else where pursuant to the transfer provisions in the Texas Family Code.

10

Eddleman breached the MSA by refusing to mediate and arbitrate, and whether Eddleman breached the MSA by failing to exchange the children in Cameron, Texas "as agreed to in the [MSA]"; (4) that the arbitrator "did not enter any findings or rulings on [Ocker's] damages and costs . . . as required by" Paragraph 10 of the MSA and the parties' agreement to arbitrate; and (5) the arbitrator "found that [Eddleman] failed to exchange the children in Cameron, Texas . . . and yet the Arbitrator has found that [Eddleman] is the prevailing party on this breach of contract issue creating an irreconcilable ambiguity." The order vacated the arbitration award and referred the case back to O'Reilly "to decide only those issues that are in conformity with this ruling."

This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(3) (West Westlaw through 2015 R.S.) ("A party may appeal . . . an order . . . confirming or denying confirmation of an [arbitration] award . . . "); *id.* § 171.098(a)(5) (authorizing appeal of an order "vacating an award without directing a rehearing"); *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 275 (Tex. 2010) (concluding that an interlocutory appeal may be taken under section 171.098(a)(5) when, as here, a trial court denies confirmation of an arbitration award but directs the parties to re-arbitrate).

## II. DISCUSSION

### A. Standard of Review and Applicable Law

Arbitration is strongly favored by Texas law, and judicial review of an arbitration award is extraordinarily narrow. *E. Tex. Salt Water Disposal Co.*, 307 S.W.3d at 271; *Black v. Shor*, 443 S.W.3d 154, 161 (Tex. App.—Corpus Christi 2013, pet. denied). "An arbitration award is given the same effect as a judgment of last resort and all reasonable

11

presumptions are indulged in favor of the award and none against it." *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002); *Black*, 443 S.W.3d at 161. Therefore, our review of a trial court's decision to vacate or confirm an arbitration award is de novo, and we review the entire record. *Black*, 443 S.W.3d at 161–62; *In re Guardianship of Cantu de Villarreal*, 330 S.W.3d 11, 17 (Tex. App.—Corpus Christi 2010, no pet.). Our review focuses on the integrity of the process, not the propriety of the result, and we give strong deference to the arbitrator with respect to issues properly left to the arbitrator's resolution. *Black*, 443 S.W.3d at 162. "Review of an arbitration award is so limited that an award may not be vacated even if there is a mistake of fact or law." *In re Guardianship of Cantu de Villarreal*, 330 S.W.3d at 18.

Under the Texas Arbitration Act ("TAA"), a trial court must confirm an arbitration award "[u]nless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091." TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (West, Westlaw through 2015 R.S.). Under section 171.088, the court must vacate an arbitration award if, among other things, the arbitrator exceeded his powers. *Id.* § 171.088(a)(3)(A) (West, Westlaw through 2015 R.S.).[7] An arbitrator exceeds his powers when he decides

---

[7] Under TAA section 171.088, an arbitration award must be vacated if:

(1)     the award was obtained by corruption, fraud, or other undue means;

(2)     the rights of a party were prejudiced by:

    (A)     evident partiality by an arbitrator appointed as a neutral arbitrator;

    (B)     corruption in an arbitrator;  or

    (C)     misconduct or wilful misbehavior of an arbitrator;

(3)     the arbitrators:

    (A)     exceeded their powers;

    (B)     refused to postpone the hearing after a showing of sufficient cause for the postponement;

    (C)     refused to hear evidence material to the controversy;  or

matters not properly before him. *In re Guardianship of Cantu de Villarreal*, 330 S.W.3d at 18. In determining whether an arbitrator has exceeded his power, we examine the language in the arbitration agreement, and any doubts concerning the scope of what is arbitrable must be resolved in favor of arbitration. *Id.* The authority of an arbitrator is derived from the arbitration agreement and is limited to a decision of the matters submitted therein either expressly or by necessary implication. *Id.* (citing *Gulf Oil Corp. v. Guidry*, 327 S.W.2d 406, 408 (Tex. 1959)). "It is only when the arbitrator departs from the agreement and, in effect, dispenses his own idea of justice that the award may be unenforceable." *Id.* (citing *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 684 (Tex. App.—Dallas 2010, no pet.)).

## B. Analysis

As the arbitrator correctly concluded, the agreement to arbitrate was contained in the March 28, 2014 letter agreement. That letter, signed by both parties' attorneys, stated that the arbitration is "intended to resolve all currently pending issues in the 319th District Court . . . as well as the issues currently pending in the 13th Court of Appeals." As noted, Ocker argued in his motion to vacate the award that the arbitrator exceeded his power by: (1) addressing Eddleman's motion to abate the Nueces County case and transfer

---

| (D) | conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party; or |

| (4) | there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, and the party did not participate in the arbitration hearing without raising the objection. |

TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (West, Westlaw through 2015 R.S.). The only grounds for vacatur of the award alleged by Ocker in his motion was that the arbitrator exceeded his power.

venue to Victoria County; (2) determining that proper venue lay in Victoria County; and (3) awarding fees and costs to Eddleman. We will address each contention in turn.

First, we disagree that the arbitrator exceeded his power by addressing Eddleman's motion to abate and transfer venue. Eddleman filed that motion together with her answer to Ocker's suit in November of 2013. The record reflects that, when the trial court granted Ocker's motion to compel arbitration on March 14, 2014, it expressly reserved judgment on Eddleman's motion to abate and transfer venue.[8] In his motion to vacate, Ocker argued that the issues raised in Eddleman's motion to abate and transfer venue had "become moot," and were therefore unarbitrable, because the trial court had already granted Ocker's motion to abate. The trial court did abate the case, but only to allow the parties to mediate and/or arbitrate.[9] The issues actually raised in Eddleman's motion to abate and transfer venue—i.e., where proper venue lay for Ocker's breach of contract suit and whether the 24th District Court had dominant jurisdiction—were expressly left undecided at the time arbitration was ordered. Those issues were therefore arbitrable because they were still "pending . . . in the 319th District Court" at the time of the March 28, 2014 arbitration agreement.[10]

---

[8] The trial court's order stated specifically as follows: "The Court further takes under advisement [Eddleman's] 1st Amended Motion to Abate and in the Alternative Motion to Transfer Venue making no ruling on said motion until such time as the issues of the parties are mediated and if necessary arbitrated by Michael P. O'Reilly."

[9] The arbitrator acknowledged this in the addendum to his first amended award, which stated in part: "It is the opinion of the Arbitrator that the Judge of the 319th District Court stayed the proceedings in that Court pending the outcome of this arbitration pursuant to Section 171.025 Texas Civil Practice and Remedies Code." *See id.* § 171.025(a) (West, Westlaw through 2015 R.S.) ("The court shall stay a proceeding that involves an issue subject to arbitration if an order for arbitration or an application for that order is made under this subchapter.").

[10] Ocker cites no authority, and we find none, establishing that the abatement of a case for arbitration under the TAA extinguishes or somehow renders moot previously-raised issues of venue raised in the court that issued the abatement order. We note that, after an arbitrator issues a final award, a court of law still must decide whether that award should be confirmed, modified, or vacated. *See id.* § 171.087. The issue of which particular court of law should make that decision—i.e., the issue of proper venue—

14

Next, we disagree that the arbitrator exceeded his power by determining that proper venue lay in Victoria County. Ocker made the following argument in this regard, without reference to authority, in his motion to vacate:

> Even if the issue of venue had not become moot the arbitrator relies on the language in paragraph 9 of the Mediated Settlement Agreement in his attempted ruling on venue. Pursuant to paragraph 9 he is obligated to apply Texas law to venue issues and once Sheri Eddleman agreed to arbitration with Mr. O'Reilly in his offices in Nueces County, Texas venue changed from Victoria County to Nueces County and so to the extent that the arbitrator could make a ruling on venue he was obligated to rule that venue is now proper in Nueces County.

On appeal, Ocker contends that the arbitrator exceeded his authority by "misappl[ying] the standard for the granting" of Eddleman's motion to abate and transfer venue. These arguments posit that the arbitrator erred as a matter of law in determining that Eddleman's motion was meritorious. But, as noted, as long as an issue is arbitrable under the applicable agreement to arbitrate, even a clear error of law by the arbitrator will not support vacatur of an arbitration award. *See In re Guardianship of Cantu de Villarreal*, 330 S.W.3d at 18. We have already concluded that the issues raised in Eddleman's motion to abate and transfer venue were arbitrable under the March 28, 2014 letter agreement. Ocker did not offer any legally cognizable grounds for vacating the arbitrator's award as to those issues. Accordingly, the trial court erred in failing to confirm that part of the award. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.087.

Finally, Ocker urged in his motion to vacate that the trial court erred in awarding attorney's fees and costs to Eddleman. His argument as to this issue in his motion to vacate is as follows:

---

therefore remains salient even after the final arbitration award is issued.

15

Pursuant to paragraph 10 of the Mediated Settlement Agreement the arbitrator is only entitled to award costs and fees to a prevailing party. The arbitrator made no rulings or findings consistent with Texas law that Sheri Eddleman was the prevailing party in this litigation and therefore any award of fees and costs to Sheri Eddleman exceeded the arbitrator's authority pursuant to the agreement to arbitrate. The arbitrator did make findings that support Matthew J. Ocker as the prevailing party and therefore he is entitled to be awarded his fees and costs which the arbitrator defined in his ruling.

On appeal, Ocker contends that, because the 24th District Court granted his "Motion to Enforce [MSA]" and ordered the parties to mediate and/or arbitrate pursuant to Paragraph 10 of the MSA, he was the "prevailing party" and the arbitrator was required by Paragraph 10 (via the March 28, 2014 letter agreement which explicitly referenced that paragraph) to award him fees and costs. Again, these arguments attack the legal merits of the arbitrator's decision. Such arguments, even if valid, do not constitute grounds to vacate or avoid confirmation of an arbitration award. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088; *In re Guardianship of Cantu de Villarreal*, 330 S.W.3d at 18.[11]

For the foregoing reasons, we conclude that the trial court erred by granting Ocker's motion to vacate the award and by denying Eddleman's motion to confirm the award. Eddleman's issue on appeal is sustained. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.087.

---

[11] We note that, although the 24th District Court granted Ocker's "Motion to Enforce [MSA]" by compelling arbitration, Eddleman clearly prevailed on all of the issues that were actually before the arbitrator, including whether Ocker's breach of contract suit was meritorious and whether it should be transferred to Victoria County.

Moreover, we observe that the trial court's statement, in its order vacating the arbitration award, that "[t]he Arbitrator found that [Eddleman] failed to exchange the children in Cameron, Texas as contemplated by the [MSA]" is incorrect. There is nothing in the amended arbitration award or addendum indicating such a finding. To the contrary, the arbitrator explicitly found that Eddleman complied with the MSA from the date of its execution until the 24th District Court entered an order effectuating and superseding the MSA, and that she complied with the 24th District Court's superseding order at all times thereafter.

### III. CONCLUSION

The trial court's order vacating the arbitration award and denying confirmation of the award is reversed. We remand with instructions to deny Ocker's motion to vacate the arbitration award, to grant Eddleman's motion to confirm the award, to render judgment conforming to the award, and for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
28th day of April, 2016.