In the Matter of the Arbitration between UNION APPOINTED TRUSTEES OF the TAPERS INDUSTRY INSURANCE AND ANNUITY FUNDS, Petitioners,

v.

EMPLOYER–APPOINTED TRUSTEES OF the TAPERS INDUSTRY INSURANCE AND ANNUITY FUNDS, Respondents.

No. M–55 (JMW).

United States District Court, S.D. New York.

June 6, 1989.

Avram H. Schreiber, New York City, for respondents.

Hall & Sloan, New York City, for petitioners.

## MEMORANDUM AND ORDER

WALKER, District Judge:

Respondents Employer–Appointed Trustees of the Tapers Industry Insurance and Annuity Funds ("Union–Appointed Trustees") move for an order pursuant to 9 U.S.C. § 9, confirming the arbitration award of Arbitrator O'Loughlin, dated October 31, 1988 ("the Award"). Petitioners Union–Appointed Trust of the Tapers Industry Insurance and Annuity Funds ("Union–Appointed Trustees") cross move for an order pursuant to 9 U.S.C. § 10, vacating the Award and for an order directing the Employer–Appointed Trustees to join in suing to recover delinquent contributions owed the Funds.

### I. *Background*

The facts of this case have been set forth in prior orders of this Court dated January 7, 1987, and April 23, 1987 and the Court assumes familiarity with those decisions. In brief, a total of six trustees, three Union–Appointed Trustees and three Employer–Appointed Trustees, manage a trust fund on behalf of an employees' union, the Drywall Tapers and Pointers of Greater New York, Local 1974. The three Union–Appointed Trustees have repeatedly attempted to obtain employer contributions to the trust fund, allegedly required under the collective bargaining agreements running from 1980 through 1986, from various members of the Metropolitan New York Dry Wall Contractors' Association, Inc. *See Standard Drywall Corp.,* No. 81–0151, slip. op. (E.D.N.Y. April 3, 1986); *Alfarone v. Bernie Wolff Construction Corp.,* No. 84–4028, slip op. (E.D.N.Y. Oct. 16, 1985); *Alfarone v. Nastasi–White, Inc.,* No. 84–3181, slip. op. (E.D.N.Y. May 30, 1985).[1] Courts have dismissed each of the above actions, however, for lack of standing.[2]

---

**1.** The Second Circuit affirmed the decisions *Bernie Wolff* and *Component Assembly* in a single opinion. *Alfarone v. Bernie Wolff Construction Corp.,* 788 F.2d 76 (2d Cir.1986), *cert. denied,* 479 U.S. 915, 107 S.Ct. 316, 93 L.Ed.2d 289 (1986).

**2.** In each of the above actions, the three Employer–Appointed Trustees failed to join the Union–Appointed Trustees in the latter's suit against the employers. Courts hearing these actions have concluded that no suit may be initiated on behalf of the employees' trust in federal court without either the consent of the

On April 23, 1987, this Court ordered the parties to arbitrate their dispute in accordance with the procedures described in the trust agreements. Pursuant to this order, Arbitrator William O'Loughlin held proceedings on June 9, 1988. The issue presented for the arbitrator's decision was the following:

> Should Employer–Appointed trustees be ordered to join Union–Appointed trustees in a lawsuit to compel certain employers to contribute to the insurance and annuity funds pursuant to a contractually defined obligation set forth in the 1980–83 and 1983–86 collective bargaining agreements?

Award at 1. On October 31, 1988, the arbitrator issued an Opinion and Award (the "Award"), which the Employer–Appointed Trustees now seek to confirm.

In his decision, Arbitrator O'Loughlin divided the employers from whom contributions are sought into three groups: those who had been defendants in cases before Judge Nickerson—Nastasi–White, Inc., Circle Industries Corp., Quick–Way finishers, Inc., Bernie Wolff Construction Corp. and Component Assembly, Inc. (the "Judge Nickerson Group"); those who had been defendants in cases before Judge Bramwell—Albee Drywall Partitions Corp. and Standard Drywall Co. (the "Judge Bramwell Group"); and those who had not been defendants in any lawsuit—Score Carpentry, Inc. and Cord Wall Construction (the "No–Judge Group"). In each instance, the underlying facts were identical. Yet as to the Judge Nickerson Group, applying the doctrine of *res judicata,* Arbitrator O'Loughlin found for the Employer–Appointed Trustees; as to the Judge Bramwell group, he found for the Union–Appointed Trustees; as to the No–Judge Group, he made no finding at all.

## II. *Discussion*

The issue before the Court is whether Arbitrator O'Loughlin's Award should be confirmed, vacated, or modified. The scope of a district court's review of an arbitration award is limited under 9 U.S.C. § 9 which provides that "the court must grant ... an order [confirming the arbitration award] unless the award is vacated, modified, or corrected as prescribed in [9 U.S.C. §§ 10 and 11 (1976)]." Section 10 permits the court to vacate an award only in specific circumstances, such as "[w]here the award was procured by corruption, fraud, or undue means," § 10(a); "[w]here there was evident partiality or corruption in the arbitrators," § 10(b); "[w]here the arbitrators were guilty of [certain types of] misconduct ... or of any other misbehavior by which the rights of any party have been prejudiced," § 10(c); or "[w]here the arbitrators exceeded their powers," or failed to make "a mutual, final, and definite award upon the subject matter submitted," § 10(d). In addition, an award may be set aside if it contravenes public policy, *W.R. Grace & Co. v. Rubber Workers,* 461 U.S. 757, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983), or if the arbitrator acted in "manifest disregard of the law, but this presupposes something beyond and different from a mere error in the law or failure on the part of arbitrators to understand and apply the law," *Sperry Intern. Trade v. Government of Israel,* 689 F.2d 301 (2d Cir.1982) (citations omitted).

The Supreme Court, in *United Paperworkers International Union v. Misco, Inc.,* 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987), clarified the line of cases addressing an arbitrator's obligation to interpret a collective bargaining agreement and a district court's power to review an arbitrator's decision. In discussing *Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), *Steelworkers v. American Manufacturing Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960), and *AT & T Technologies Inc. v. Communications Workers,* 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), the Court stated:

> Because the parties have contracted to have disputes settled by an arbitrator

majority of trustees or, in the case of a trustees' deadlock, an arbitration decision resolving the

deadlock in favor of litigation.

chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract they have agreed to accept. Courts thus do not to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts. To resolve disputes about the application of a collective-bargaining agreement, an arbitrator must find facts and a court may not reject those finding simply because it disagrees with them. The same is true of the arbitrator's interpretation of the contract. The arbitrator may not ignore the plain language of the contract; but the parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject an award on the ground that the arbitrator misread the contract ... [T]he arbitrator's award settling a dispute with respect to the interpretation or application of a labor agreement must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice. But *as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he has committed serious error does not suffice to overturn his decision.*

*Misco, supra,* 108 S.Ct. at 370–71 (emphasis added).

Applying *Misco* to the present case, this Court finds that the Award should be vacated since the arbitrator did not even arguably construe or apply the collective bargaining agreement. While he was under no obligation to explain his decision, Arbitrator O'Loughlin made clear his reasoning. He based the Award not on the evidence before him and not upon any reading

of his own of the bargaining agreement— but simply on what the judges in question had said about the agreement. In determining the obligations of the Judge Nickerson Group, he looked to Judge Nickerson's decisions and, in determining the obligations of the Judge Bramwell group, he looked to Judge Bramwell's decisions. He did not mention the No–Judge Group in the Award, perhaps because he had no judicial decision to rely upon. Arbitrator O'Loughlin clearly explained that his finding in regard to the Judge Nickerson Group was based solely upon his opinion that the doctrine of *res judicata* applies. Award at 5–6, 11. Apparently he did not feel any need to interpret the agreement afresh.[3]

As Judge Posner has noted:

[T]he question for decision by a federal court asked to set aside an arbitration award ... is not whether the arbitrator or arbitrators erred in interpreting the contract; it is not whether they clearly erred in interpreting the contract; it is not whether they grossly erred in interpreting the contract; it is whether they interpreted the contract.

*Hill v. Norfolk and Western Railway Co.,* 814 F.2d 1192, 1194–95 (7th Cir.1987). Arbitrator O'Loughlin did not interpret the bargaining agreement. He considered only what federal judges had said about it.[4] The parties did not bargain for an explication of Judge Nickerson's view of the bargaining agreements. Rather, they bargained for the arbitrator's consideration of the bargaining agreement and his interpretation of it based upon that consideration. But this the arbitrator did not provide. Accordingly, the Award should be vacated.

The Union–Appointed Trustees further argue that this Court should direct the

---

3. The Employer–Appointed Trustees' argument that the arbitrator properly focused upon judicial decisions, rather than the agreement itself, is misplaced. The Employer–Appointed Trustees contend that "[w]hat was presented for the arbitrator's consideration was, based on those decisions, should the employer-trustees be required to commence suit." Reply Affirmation ¶ 11. This, however, was not the issue presented for arbitration. As noted above, the issue was "Should Employer–Appointed trustees be ordered to join Union–Appointed trustees in a

lawsuit to compel certain employers to contribute to the insurance and annuity funds pursuant to a contractually defined obligation set forth in the 1980–83 and 1983–86 collective bargaining agreements?"

4. The Court notes that Judge Nickerson's observations as to the obligation of employers to pay contributions were *dictum* since Judge Nickerson first found that the parties lacked standing.

Employer–Appointed Trustees to join with them in bringing suit to collect delinquent contributions to the Fund. Because the Court does not find that a proper result is apparent, it makes no findings on the merits of the underlying dispute and, instead, returns the question to the arbitrator.

### III. *Conclusion*

Accordingly, this Court grants Union–Appointed Trustee's motion to vacate the Award and remands the dispute to the arbitrator for proceedings consistent with this order.

SO ORDERED.