COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|   |   |   |
|---|---|---|
| GOOD TIMES STORES, INC., | § | No. 08-10-00047-CV |
|  | § |  |
| Appellant, | § | Appeal from |
|  | § |  |
| v. | § | 346th District Court |
|  | § |  |
| MARTHA MACIAS, | § | of El Paso County, Texas |
|  | § |  |
| Appellee. | § | (TC # 2009-2920) |
|  | § |  |

## **O P I N I O N**

Good Times Stores, Inc. brings this accelerated interlocutory appeal from an order vacating the arbitrator's decision. TEX.CIV.PRAC.&REM.CODE ANN. § 51.016 (West Supp. 2010). We reverse the trial court's order vacating the arbitration award and render judgment confirming the arbitrator's decision.

### **FACTUAL SUMMARY**

On March 24, 2008, Macias filed suit against Good Times alleging she had suffered an on-the-job injury on July 13, 2006, although she had previously agreed to arbitrate all injury-related issues. It is undisputed that the arbitration agreement required Macias to seek arbitration and to give notice of her intent to arbitrate her claims within the applicable limitations period or her claim would be waived.

On September 2, 2008, the trial court signed an agreed order dismissing the suit against Good Times without prejudice and referring the dispute to final and binding arbitration in accordance with the arbitration agreement. Macias filed written notice of intent to arbitrate with the FAA on

January 8, 2009. Good Times filed a motion requesting that the arbitrator dismiss the arbitration proceeding because Macias had not initiated arbitration within the applicable two-year limitations period. It additionally argued, citing Section 16.064 of the Civil Practice and Remedies Code,[1] that Macias had not initiated her arbitration claim within sixty days after the trial court signed the dismissal order. The arbitrator granted the motion to dismiss noting that Macias had failed to explain her delay in initiating arbitration following dismissal of her suit.

Before the arbitrator ruled on Good Times' motion to dismiss, Macias filed a petition for bill of review seeking to set aside the agreed dismissal order. After the arbitrator dismissed the arbitration proceeding, Macias amended the bill of review to include an application to vacate the arbitrator's decision under Section 171.088 of the Civil Practice and Remedies Code. Good Times answered and filed an application to confirm the arbitrator's decision. It also filed a motion for summary judgment with respect to both the bill of review and Macias' application to vacate the arbitrator's decision. In a supplemental memorandum filed at the request of the trial court after the summary judgment hearing, Macias argued that Section 16.064 was inapplicable to her arbitration claim because the agreed dismissal order was not final. The trial court denied Good Times' motion for summary judgment and granted Macias' application to vacate the arbitrator's decision. Good Times appeals.

## NO BASIS FOR VACATUR

In its sole issue on appeal, Good Times contends that there is no basis for vacating the arbitrator's decision.

---

[1] Section 16.064(a) provides that: (a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if: (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction. TEX.CIV.PRAC.&REM.CODE ANN. § 16.064(a)(West 2008).

*Appellate Jurisdiction*

It is undisputed that the Federal Arbitration Act ("FAA") applies to this proceeding. *See* 9 U.S.C.A. §§ 1-16 (West 2009). Section 51.016 of the Civil Practice and Remedies Code permits an appeal from the judgment or interlocutory order from a district court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16. TEX.CIV.PRAC.&REM.CODE ANN. § 51.016 (West Supp. 2010). Under the FAA, an appeal may be taken from an order modifying, correcting, or vacating an award. 9 U.S.C.A. § 16(a)(1)(E). Accordingly, we have jurisdiction to hear Good Times' appeal from the trial court's order vacating the arbitrator's decision.

*Standard of Review*

A trial court's order confirming or vacating an arbitration award under the FAA is subject to *de novo* review. *Garza v. Phelps Dodge Refining Corporation*, 262 S.W.3d 514, 517 (Tex.App.--El Paso 2008, no pet.)(order confirming arbitration award); *In re Chestnut Energy Partners, Inc.*, 300 S.W.3d 386, 397 (Tex.App.--Dallas 2009, orig. proceeding)(order vacating arbitration award). We apply the FAA to substantive matters and follow Texas law for procedural matters. *See In re Chestnut Energy Partners, Inc.*, 300 S.W.3d at 399.

*Bases for Vacating the Arbitrator's Decision*

Under the FAA, an arbitration award must be confirmed unless it is vacated, modified, or corrected pursuant to one of the limited grounds set forth in Sections 10 and 11 of the FAA. *See* 9 U.S.C. §§ 9-11. Section 10(a) provides that a trial court may vacate an arbitration award upon the application of any party to the arbitration:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of

them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4).  The bases for vacatur in Section 10 of the FAA are exclusive.  *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S.Ct. 1396, 1404, 170 L.Ed.2d 254 (2008).

Macias raised the following grounds in the trial court for vacating the arbitrator's decision:

(1)  the award was obtained by corruption, fraud, or other undue means;

(2)  the arbitrator exceeded his powers and scope of his authority by willfully ignoring Texas law regarding the statute of limitations and by enforcing the provision in the arbitration agreement regarding the statute of limitations;

(3) the award was arbitrary and capricious and resulted in a manifest injustice of law; and

(4)  the arbitrator's decision is contrary to public policy because it diminished Macias's rights under Texas law.

*Corruption, Fraud, or Other Undue Means*

Under the FAA, a party who alleges that an arbitration award was procured through corruption, fraud, or undue means must demonstrate that the improper behavior was (1) not discoverable by due diligence before or during the arbitration hearing, (2) materially related to an issue in the arbitration, and (3) established by clear and convincing evidence.  *See Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 810-11 (Tex.App.--Dallas 2008, pet. denied); *Trans Chemical Ltd. v. China National Machinery Import and Export Corporation*, 161 F.3d 314, 319 (5th Cir. 1998)(adopting the analysis of *In re Arbitration Between Trans Chemical Ltd. & China National Machinery Import & Export Corporation*, 978 F.Supp. 266, 304 (S.D.Tex. 1997); *Gingiss*

*International, Inc. v. Bormet*, 58 F.3d 328, 333 (7th Cir. 1995). Although "fraud" and "undue means" are not defined in Section 10(a) of the FAA, courts interpret the terms together. *In re Arbitration Between Trans Chemical Ltd. & China National Machinery Import & Export Corporation*, 978 F.Supp. at 304. Fraud requires a showing of bad faith during the arbitration proceedings, such as bribery, undisclosed bias of an arbitrator, or willfully destroying or withholding evidence. *Roehrs*, 246 S.W.3d at 812; *In re Arbitration Between Trans Chemical Ltd. & China National Machinery Import & Export Corporation*, 978 F.Supp. at 304. "Undue means" connotes behavior that is "immoral if not illegal" or otherwise in bad faith. *In re Arbitration Between Trans Chemical Ltd. & China National Machinery Import & Export Corporation*, 978 F.Supp. at 304; *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403-04 (9th Cir. 1992). Section 10(a)(1) also requires a nexus between the alleged fraud or undue means and the basis for the arbitrator's decision. *In re Arbitration Between Trans Chemical Ltd. & China National Machinery Import & Export Corporation*, 978 F.Supp. at 304; *Forsythe International S.A. v. Gibbs Oil Co. of Texas*, 915 F.2d 1017, 1022 (5th Cir. 1990).

In her pleadings, Macias alleged that as a result of Good Times filing its motion to dismiss based on her failure to initiate arbitration within the applicable limitations period, she was "fraudulently precluded from sustaining legal or equitable relief by the fraudulent and wrongful acts of [Good Times]." This is the sole basis of her assertion that the arbitration award was procured by fraud or undue means. Macias has not alleged or proven any immoral or illegal behavior nor has she shown that Good Times acted in bad faith by seeking dismissal of the arbitration based upon Macias' failure to comply with the agreement's requirements. Further, Macias has not shown that Good Times' conduct was not discoverable by due diligence during the arbitration hearing as it was an issue addressed by the parties during the arbitration proceedings. We conclude that this ground

would not support the trial court's decision to vacate the arbitrator's decision.

*Exceeding Scope of Authority*

Macias also sought to have the arbitrator's decision vacated because it was beyond the scope and authority of the arbitrator. This argument falls within Section 10(a)(4) of the FAA which provides that an arbitration award may be vacated "where the arbitrators exceeded their powers." 9 U.S.C.A. § 10(a)(4). An arbitrator's authority is limited to disposition of matters expressly covered by the agreement or implied by necessity. *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 829 (Tex.App.--Dallas 2009, no pet.). Arbitrators, therefore, exceed their powers when they decide matters not properly before them. *Ancor Holdings*, 294 S.W.3d at 829. The issue to be decided is whether the arbitrator had the authority, based on the arbitration clause and the parties' submissions, to reach a certain issue, not whether the arbitrator correctly decided the issue. *Id.*; *Executone Information Systems, Inc. v. Davis*, 26 F.3d 1314, 1323 (5th Cir. 1994). Section 10(a)(4) does not authorize an arbitration award to be vacated for errors in interpretation or application of the law or facts. *Ancor Holdings*, 294 S.W.3d at 830.

The arbitration agreement contained the following provision in the section entitled "Required Notice of All Claims":

> When you seek arbitration, you must give written notice of any claim to the other party within the applicable statute of limitations. The day the act complained of occurred will be counted for purposes of determining the applicable period. If such notice is not given, the claim shall be void and deemed waived.

Macias' personal injury claim is subject to a two-year statute of limitations. *See* TEX.CIV.PRAC.& REM.CODE ANN. § 16.003(a)(West Supp. 2010). Because Macias did not request arbitration or provide notice until after the statute of limitations had expired, Good Times moved for dismissal of the arbitration based on this provision in the arbitration agreement. Relying on Section 16.064 of

the Civil Practice and Remedies Code, Good Times additionally argued that Macias should have filed her request for arbitration within sixty days after the court dismissed the first suit. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 16.064 (West 2008). Thus, the arbitrator decided a matter which was properly before him based on the arbitration agreement and the parties' submissions.

Macias argued in the trial court that the "required notice" provision is unenforceable for a variety of reasons, including that it is unconscionable and contravenes the Open Courts provision of the Texas Constitution. Although Macias alleged that the arbitrator exceeded his authority by dismissing the arbitration proceeding pursuant to the "required notice" provision, her argument is actually a complaint that the arbitrator committed an error of law by applying the provision. *See Ancor Holdings*, 294 S.W.3d at 829 ("Although Ancor's first argument is couched in terms of whether the arbitrator exceeded her powers, Ancor's argument is actually a complaint that the arbitrator committed an error of law."). A complaint that the arbitrator decided the issue incorrectly or made mistakes of law, however, is not a complaint that the arbitrator exceeded his powers under Section 10(a)(3). *Id.* This ground would not support the trial court's decision to vacate the arbitrator's decision.

*Imperfect Execution of Powers*

Macias additionally suggests that the trial court's decision may be upheld on the basis of Section 10(a)(4) because the arbitrator so imperfectly executed his powers that a mutual, final, and definite award upon the subject matter was not made. We keep in mind the general rule that as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the decision will not be overturned even if the reviewing court is convinced that the arbitrator made a serious error. *United Paperworkers International Union, AFL-CIO v. Misco*, Inc., 484 U.S. 29, 38, 108 S.Ct. 364, 370-71, 98 L.Ed.2d 286 (1987).

Citing *In the Matter of the Arbitration Between Union Appointed Trustees of the Tapers Industry Insurance and Annuity Funds v. Employer-Appointed Trustees of the Tapers Industry Insurance and Annuity Funds,* 714 F.Supp. 104 (S.D.N.Y. 1989), Macias complains that the arbitrator did not even arguably construe or apply the arbitration agreement or applicable law because the arbitrator refused to consider Macias's complaint that Good Times wrongfully filed its motion to compel arbitration in the original civil action after the two-year statute of limitations had expired. In that case, the federal district court vacated the arbitrator's award because the arbitrator did not even arguably construe the collective bargaining agreement but instead based his decision on what previous judges had said about the agreement. *Id.*, 714 F.Supp. at 106. The instant case is distinguishable.

The arbitrator's order granting Good Times' motion to dismiss is nearly three pages in length and it sets forth the primary procedural events and the dates on which they occurred, including the date of injury, the date Macias filed suit, the date of the trial court's dismissal order, and the date on which Macias initiated the arbitration proceedings. The arbitrator did not make a finding as to the date on which Good Times filed its motion to dismiss. The order stated in paragraph 7 as follows:

> Complainant complains that Respondent filed its motion to compel arbitration in the original civil action after the expiration of the two year statute of limitation. Nothing has been presented to the Arbitrator whether the filing of Respondents motion to compel arbitrator [sic] was presented to District Judge Barill. Judge Barill's final order dismisses the underlining action without prejudice and directs the dispute proceed according the Arbitration Agreement. In light of Tex. Civ. Prac. & Rem. Code Section 16.064, Arbitrator finds such contention by Claimant is one which could have been raised before District Judge Barill. *Whether or not Claimant is correct in her assertion, she does not address why the arbitration was not timely filed in light of Section 16.064.* [Emphasis added].

The arbitrator concluded that the two-year statute of limitations applied to Macias's personal injury claim, but the statute of limitations was suspended under Section 16.064 for sixty days from the date

on which the dismissal order was signed. Because Macias had not initiated the arbitration proceeding within that sixty-day time period and had not explained the reason for her failure to do so, the arbitrator granted Good Times' motion to dismiss.

We disagree with Macias's assertion that the arbitrator did not independently construe Texas law as required by the arbitration agreement. Unlike *Tapers Industry*, the record in this case reflects that the arbitrator construed the arbitration agreement and Texas law on limitations and concluded that Macias had not timely initiated the arbitration proceeding. The highlighted portion of the order indicates that the arbitrator found this issue to be dispositive. We have found no authority that an arbitrator imperfectly executes his powers by refusing to address all issues after deciding an issue that is dispositive of the entire dispute and we decline to so hold.

*Common Law Grounds*

Macias also sought to vacate the arbitrator's decision on the common law grounds that it was arbitrary and capricious and the decision was contrary to public policy because it diminished Macias's rights under Texas law. The Supreme Court held in *Hall Street* that the grounds found in Section 10 are the exclusive grounds for vacating an arbitration award under the FAA. *Hall Street*, 552 U.S. at 586, 128 S.Ct. at 1404. The cases relied on by Macias in support of her common law grounds pre-date *Hall Street*. *See Brown v. ITT Consumer Financial Corporation*, 211 F.3d 1217, 1222 (11th Cir. 2000)(common law ground for vacating an arbitration award under the FAA includes when an award is arbitrary or capricious); *Ainsworth v. Skurnick*, 960 F.2d 939, 940-41 (11th Cir. 1992)(arbitration award may be vacated as arbitrary and capricious when court cannot infer any ground for the awards from the facts); *U.S. Postal Service v. National Association of Letter Carriers*, 847 F.2d 775, 778-79 (11th Cir. 1988)(award may be vacated as arbitrary and capricious if it exhibits a wholesale departure from the law). *Hall Street* precludes the use of any common-law grounds as

an independent basis for vacatur of an arbitration award. *See Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 90 (Tex.App.--Houston [1st Dist.] 2010, no pet.)(holding that common law grounds, such as manifest disregard of law and gross mistake, were not valid grounds for vacatur of arbitration award as *Hall Street* forecloses any common law grounds for vacatur); *LeFoumba v. Legend Classic Homes, Ltd.*, No. 14–08–00243–CV, 2009 WL 3109875, at *2, (Tex.App.--Houston [14th Dist.] September 17, 2009, no pet.)(mem.op.)(complaint that arbitration award violates public policy is not viable ground for vacating an award under the FAA); *see also Citigroup Global Markets., Inc. v. Bacon*, 562 F.3d 349, 350 (5th Cir. 2009)(holding that *Hall Street* restricts the grounds for vacatur to those set forth in Section 10 of the FAA). Accordingly, we conclude that the common law grounds relied on by Macias do not support the trial court's order vacating the arbitrator's decision. For the foregoing reasons, we sustain the sole issue presented on appeal. We reverse the trial court's order vacating the arbitrator's award and render judgment confirming the award.

June 8, 2011

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.