

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00006-CV

---

## IN THE MATTER OF THE MARRIAGE OF JOAL CANNON SHERIDAN AND DIRK WENDALL SHERIDAN

---

On Appeal from the 53rd District Court
Travis County, Texas
Trial Court No. D-1-FM-22-005978, Honorable Jessica Mangrum, Presiding

August 19, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Dirk Wendall Sheridan, and Appellee, JoAl Cannon Sheridan, agreed to refer their divorce proceeding to arbitration. After the trial court affirmed the *Arbitration Decision and Award*, it issued a *Final Decree of Divorce.* By his original brief and reply brief, Dirk presents two issues challenging the divorce decree. He asserts as matters of first impression[1] (1) the trial court erred by reducing the *Arbitration Decision and Award* to a final judgment and refusing to send unresolved issues back to arbitration and (2) the

---

[1] JoAl disputes whether Dirk's issues present novel questions.

*Arbitration Decision and Award* should be vacated because the arbitrator exceeded her power by refusing to resolve issues under the *Post-Marital Partition Agreement* (PMA). We affirm.[2]

## BACKGROUND

The parties married in November 1993 and have no children. Dirk works for the Texas Health and Human Services Department. JoAl is a successful board-certified family law practitioner.

One night in 2019, Dirk noticed JoAl was receiving numerous texts, emails, and images on her cell phone indicative of infidelity. Dirk photographed the data. Shortly thereafter, they participated in marriage counseling for over two years. Based on their fragile relationship, JoAl drafted the PMA.[3] Dirk signed the document on December 31, 2021, and she signed it on January 3, 2022. The PMA provides for a division of property and a determination of ownership of assets in the event the marriage is dissolved by judicial act or death. As relevant here, the PMA provides as follows:

- Dirk will receive all interest in the marital home;

- Dirk will receive one hundred percent of his State retirement plan;

- JoAl will pay the outstanding mortgage on the marital home and the home equity loan associated with the home;

---

[2] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[3] The parties dispute who requested the PMA, but resolution of that issue is not relevant for disposition of this appeal.

- JoAl shall use reasonable efforts to secure a loan to pay off the mortgage balance on or before September 1, 2022, and if unable to do so, shall execute a promissory note in favor of Dirk equal to the mortgage balance; and

- JoAl is required to name Dirk as beneficiary in a life insurance policy and maintain the policy in an amount sufficient to cover the mortgage at the time of her death.

The PMA included a non-disclosure provision, Article 18, prohibiting Dirk from communicating, disseminating, or disclosing certain sensitive data taken from JoAl's phone and requiring him to delete all such information from his devices and provide proof of doing so. The deadline for doing so was "no later than 48 hours after" signing the PMA. A violation of the non-disclosure provision triggered forfeiture as follows:

- his entire interest in the marital home with both parties becoming joint owners of an undivided one-half interest;

- his entire interest in any 401k with the funds being awarded to JoAl as liquidated damages; and

- his entire interest in his State retirement plan with JoAl receiving fifty percent of those benefits.

Any violation by Dirk would also result in certain provisions of the PMA pertaining to JoAl's financial obligations regarding the marital home becoming null and void. The PMA provided for any disputes related to dissolution of the marriage to be submitted to binding arbitration.

JoAl filed for divorce in August 2022. The parties disagreed on whether the forfeiture provisions of the PMA had been triggered by Dirk not timely deleting sensitive data from his devices and jointly moved to refer their disputes for resolution by arbitration.

3

The parties agreed on whom to select as arbitrator. The trial court granted their request and issued and *Agreed Order of Referral to Arbitration*.

At the arbitration hearing, JoAl asserted she sought to have the forfeiture provision of the PMA enforced. Within weeks of the hearing, the arbitrator issued an *Arbitration Decision and Award*. The arbitrator's findings are as follows:

- Dirk violated the PMA by failing to delete all sensitive information from his electronic devices;

- Dirk's violation triggered the forfeiture provision of the PMA requiring him to turn over certain assets assigned to him;

- JoAl is the prevailing party and is entitled to attorney's fees; and

- time is of the essence in completing the divorce and disposition of property.

The arbitrator's award is as follows:

- the martial home shall be jointly owned and placed on the market;

- JoAl is awarded one hundred percent of Dirk's 401k account;

- JoAl is awarded fifty percent of Dirk's State retirement benefits; and

- the provisions of article 17(d) through (i) of the PMA (imposing financial obligations on JoAl regarding the marital home) are null and void.

JoAl filed a *Motion to Enter Final Decree of Divorce*. Dirk contested her motion via a *Notice of Challenge to Arbitration Decision and Award and Opposition to Entry of Final Decree*. He alleged the arbitrator's findings were incomplete because there were still issues related to the divorce which required arbitration. Specifically, he claimed the following issues remained unresolved preventing entry of a final decree:

4

(1) JoAl's breach of the PMA by her failure to pay the mortgage on the marital home and failure to maintain life insurance designating him as beneficiary for payment of the mortgage;

(2) JoAl's breach in withdrawing $110,000 from bank accounts in January and February 2022, shortly after execution of the PMA;

(3) failure to address the appraisal and division of community property acquired after January 1, 2022;

(4) JoAl's breach by failing to execute a promissory note in his favor in an amount equal to the mortgage balance after she failed to secure a loan;

(5) adjudication of the date on which the parties should partition certain assets;

(6) adjudication of whom is responsible for payment of the mortgage until the marital home is sold; and

(7) failure to address the maintenance, upkeep, and use of certain timeshares.

At the final hearing for entry of the decree, JoAl was the only witness. Dirk's counsel raised the issue of an incomplete arbitration to which she responded that Dirk should have addressed his concern at the arbitration hearing. The trial court found, as the arbitrator did, that Dirk violated the PMA thereby triggering the forfeiture provision. Following the final hearing but prior to entry of the final decree, Dirk filed his *Objection to Entry of Final Decree of Divorce and Qualified Domestic Relations Orders*, again asserting the arbitrator's findings and award were incomplete.

## STANDARD OF REVIEW AND APPLICABLE LAW

A trial court's confirmation of an arbitration award is reviewed de novo. *Aerotek, Inc. v. Boyd*, 624 S.W.3d 199, 204, n.19 (Tex. 2021). Whether an arbitrator exceeded his powers under an arbitration agreement is a question of law. *Barton v. Fashion Glass & Mirror, Ltd.*, 321 S.W.3d 641, 646 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

5

The Texas Arbitration Act confers jurisdiction on Texas courts to enforce agreements to arbitrate and render judgment on resulting awards. TEX. CIV. PRAC. & REM. CODE ANN. § 171.018. Because Texas law favors arbitration, judicial review is extraordinarily narrow. *E. Tex. Salt Water Disposal Co.*, *Inc. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). A trial court shall confirm an arbitration award unless vacatur is required under one of the grounds enumerated in section 171.088 of the Texas Civil Practice and Remedies Code. *Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016). One of those grounds is that the arbitrator exceeded her powers. § 171.088(a)(3)(A).

An award can be vacated only under the Act's enumerated grounds. *Hoskins*, 497 S.W.3d at 500 (Willett, J., concurring). Courts may not expand on those grounds. *Id.* at 497. Once a court confirms an arbitration award, it shall enter a judgment or decree conforming to that order. *See* § 171.092. *See also* § 171.087 (providing that unless grounds are offered for vacating, modifying, or correcting an award, the court on application of a party, shall confirm the award).

## ANALYSIS

Dirk argues the arbitrator exceeded her authority by refusing to resolve specific issues related to disposition of the marital estate. JoAl asserts Dirk waived his complaint by failing to invoke one of the required grounds in section 171.088(a) for vacating the arbitration award. We agree with JoAl.

An arbitrator's authority is limited to disposition of matters expressly covered by the agreement or implied by necessity. *Good Times Stores*, *Inc. v. Macias*, 355 S.W.3d 240, 245 (Tex. App.—El Paso 2011, pet. denied) (citing *Anchors Holdings*, *LLC v.*

6

*Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 829 (Tex. App.—Dallas 2009, no pet.)). Arbitrators exceed their power when they decide matters not properly before them. *Anchors Holdings*, 294 S.W.3d at 829. When an arbitrator attempts to determine matters not submitted for determination, an award to such matters is void. *Gulf Oil Corp. v. Guidry*, 160 Tex. 139, 327 S.W.2d 406, 408 (1959).

Notwithstanding that Article 16 of the PMA provides "[t]he parties agree to submit to binding arbitration any dispute or controversy," at the arbitration hearing, the parties narrowed the focus of the hearing to only one issue—whether the forfeiture provision of the PMA had been triggered. Dirk's counsel announced "the question before the arbitrator today is one of forfeiture . . . ." JoAl's counsel responded "[i]t's really going to boil down to Section 18 [forfeiture provision] of the postmarital agreement." "And we are asking that the forfeiture provisions of Section 18.1 be enforced." Dirk's counsel stated, "[w]here we do agree, however, is that the Court's decision and focus, of course, will be on this concept of forfeiture."

Dirk did not present any other issues at the hearing for resolution by the arbitrator, yet he maintains she exceeded her powers by refusing to resolve said issues. His contention is not logical, and he disguises his complaint as a statutory ground for vacating an arbitration award. How could the arbitrator exceed her powers when she was never given the opportunity to resolve any other issues? The arbitrator would have exceeded her powers if she had resolved matters not properly presented at the hearing. *Macias*, 355 S.W.3d at 245. Any other determinations by the arbitrator would have been void. *Guidry*, 327 S.W.2d at 408.

7

In applying the de novo standard of review, we conclude Dirk did not properly invoke a statutory ground for vacating an arbitration award.  Thus, he waived his complaint.  The trial court did not err in confirming the *Arbitration Decision and Award* and reducing it to a final divorce decree.  Issues one and two are overruled.

**CONCLUSION**

The trial court's *Final Decree of Divorce* is affirmed.


Alex Yarbough
Justice