

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00337-CV

_____

SPEARS CONSTRUCTION MANAGEMENT, LLC, Appellant

V.

PHYSICAL THERAPY DYNAMICS, PLLC; JRAD INVESTMENTS, LLC; AND
FIRST GUARANTY BANK, Appellees

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-314885-20

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

This is an appeal from an order granting a motion to vacate an arbitration award and denying a motion to confirm the award. In a single issue, Appellant Spears Construction Management, LLC argues that the trial court erred by granting the motion to vacate filed by Appellees Physical Therapy Dynamics, PLLC and JRAD Investments, LLC (jointly, Defendants)[1] because "no complete record exists or was presented of the arbitration." Because Defendants failed to request that a transcript be made of the final arbitration hearing and the continuance hearing and because the record contains no motion for continuance, Defendants have failed to bring forth a sufficient record to vacate the arbitration award on the three grounds that they raised in the trial court. In the absence of a record of the challenged proceedings, the trial court therefore erred by vacating, rather than confirming, the arbitration award. Accordingly, we reverse the trial court's July 29, 2022 order granting Defendants'

---

[1]Appellee First Guaranty Bank intervened in the suit after the arbitrator issued the final arbitration award and claimed to have a senior lien on Defendants' property—allegedly the same property that "Spears ha[d] asked that the [trial] [c]ourt [to] permit it to foreclose on" in satisfaction of the arbitration award. Although Spears filed a motion to strike the petition in intervention, no order deciding that motion appears in the appellate record; the propriety of the intervention is therefore not before us. And so for purposes of this opinion, we refer to First Guaranty Bank as Intervenor and note that Intervenor "writes separately only to supplement the arguments [made by Defendants] that support this [c]ourt's affirming the trial judge's decision to vacate the arbitration award at issue."

motion to vacate the arbitration award and denying Spears's motion to confirm, and we render judgment confirming the final arbitration award issued on January 5, 2022.

## II. Background

On or about August 23, 2018, Spears and Defendants entered into an AIA Document A101-2017 Standard Form of Agreement Between Owner and Contractor (the Contract) for the completion of the Physical Therapy Dynamics New Professional Facility (the Project) in Crowley. Pursuant to the Contract, Spears provided construction management and general contracting services to the Project for Defendants. The Contract contained a dispute resolution clause that provided that any claim subject to, but not resolved by, mediation would be submitted to binding arbitration.

Spears filed suit in January 2020, alleging causes of action for breach of contract, violation of the Texas Prompt Payment Act, and violation of the Texas Construction Trust Fund Act; seeking to enforce a lien; and alternatively seeking to recover damages provided in quantum meruit. Spears also sought to recover its attorney's fees. Defendants answered and also filed a counterclaim alleging various causes of action.

Nearly fourteen months after filing suit, Spears moved to compel arbitration. The parties agreed to remove their respective claims to arbitration and to stay and abate the case. The trial court signed an agreed order, ordering that Spears and

Defendants "and all of their claims be compelled jointly to one mandatory binding arbitration in accordance with the Federal Arbitration Act and Texas law."[2]

No transcript from the arbitration appears in the appellate record; instead, the next document in the record is a motion dated February 2022 filed by Spears asking the trial court to confirm the arbitration award. In the motion to confirm, Spears states that it initiated an arbitration in April 2021 and that

> the final hearing was conducted on November 8, 2021[,] remotely in Texas. At the conclusion of the final hearing and final briefing of the parties, on January 5, 2022, the arbitrator entered a final award in favor of Spears and denying Defendants' counterclaims and claims for fees and costs in their entirety . . . .

Defendants filed a motion to vacate or correct the arbitration award and a response to Spears's motion for entry of judgment. Defendants argued that if the arbitration award were confirmed, Spears would obtain a double recovery of $145,393.20[3] that had been previously paid. Defendants raised the following vacatur

---

[2]Although the trial court did not make a finding as to whether the arbitration was governed by the Federal Arbitration Act or the Texas General Arbitration Act, the parties seem to agree that the TGAA governs. Moreover, "[b]ecause the substantive principles applicable to the analysis in this appeal and the available grounds to review an arbitration award are the same under both the FAA and the TGAA, we may find guidance in court decisions arising under either act." *Howerton v. Wood*, No. 02-15-00327-CV, 2017 WL 710631, at *2 (Tex. App.—Fort Worth Feb. 23, 2017, no pet.) (mem. op.).

[3]Defendants explained the amount as follows:

Spears claimed that two allegedly unpaid invoices and corresponding Pay Applications[—]Invoice 50/Pay Application 5 for $94,221.00 dated May 13, 2019[,] and . . . Invoice 67/Pay Application 7 for $51,172.20 dated

4

grounds: the award was obtained by fraud or other undue means; the arbitrator refused to postpone the final hearing after a showing of sufficient cause; and the arbitrator both refused to hear material evidence and denied Defendants the opportunity to present material evidence.

After the motion to confirm and the motion to vacate were filed, the parties filed numerous responses and replies. Spears filed a response to Defendants' motion to vacate, arguing that months before the final hearing, Defendants had all evidence in their possession to assert affirmative defenses of payment and waiver but did not do so until four days before the final hearing[4] and that Defendants never filed an actual motion for continuance but instead requested an emergency hearing. Defendants filed a reply brief in support of their motion to vacate and later filed a supplement to their motion to vacate, attaching bank statements from Spears's bank and emails about the missing payments. Spears filed a response to Defendants' supplement.

---

September 18, 2019[—]were not paid and sought prompt pay interest on those amounts.

. . . [Defendants'] construction loan lender, Intervenor . . . paid these invoices and corresponding Pay Applications. [References to exhibits omitted.]

[4]In April 2022, which was three months after the final arbitration award was signed, Defendants filed their second amended answer and affirmative defenses to add the affirmative defense of payment. Later that same month, Defendants filed their third amended answer and affirmative defenses and attached as an exhibit a chart showing payments to support their affirmative defense of payment.

5

Defendants then filed a second reply brief and supplement in support of their motion to vacate the arbitration award.

Intervenor also filed a response to Spears's motion to confirm the arbitration award and incorporated by reference the arguments made in Defendants' motion to vacate or correct the arbitration award and later supplemented its response. Intervenor filed a motion for sanctions and request for attorney's fees to which Spears responded. The trial court denied Intervenor's request for sanctions and attorney's fees.

At the hearing on the competing motions, Defendants argued that the bank statements produced by Spears were different than those that Defendants had obtained from Spears's bank and were therefore evidence of fraud. Spears argued that with "a motion to vacate, courts are unanimous that it's not time to relitigate what was hashed out and brought forth . . . to the arbitrator" and that "there was no transcript and no record in this case of the actual final hearing." After hearing the parties' arguments,[5] the trial court granted Defendants' motion to vacate, denied Spears's motion to confirm the arbitration award, vacated the award, and ordered the matter to be reheard before the arbitrator who had made the award or his successor appointed as specified in the parties' agreement to arbitrate. This appeal followed.

---

[5]No evidence was admitted during the hearing, and the record from the hearing is only thirty pages.

6

## III. Analysis

In its sole issue, Spears argues that the trial court erred by vacating the arbitration award when there was no record of the arbitration hearing or the continuance hearing. Spears argues that

> [w]ithout a record of the [f]inal [h]earing, [Defendants'] [v]acatur [g]rounds are conjecture. Without a record, the trial court has no idea what testimony was presented to the arbitrator and what he took into consideration in rendering the [a]ward, other than what the arbitrator himself discussed in the [a]ward – which addressed [Defendants'] [v]acatur [g]rounds allegations. Given what is detailed in the [a]ward, Texas [c]ourts must presume that . . . the evidence was adequate to support the [a]ward. [Record reference omitted.]

For the reasons discussed below, we agree.

### A.  Our Review

This court has previously set forth the review we give to arbitration awards, and we borrow from a prior opinion setting forth that review:

> An arbitration award is conclusive on the parties as to all matters of fact and law submitted to the arbitrator and has the effect of a judgment of a court of last resort. *See CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002). Accordingly, judicial review of an arbitration award is extraordinarily narrow, and we may vacate an arbitration award only in very unusual circumstances. *See Oxford Health Plans LLC v. Sutter*, [569 U.S. 564, 568,] 133 S. Ct. 2064, 2068 (2013); *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012); *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010).
>
> To protect the strong deference accorded to arbitration awards, we review a trial court's ruling to vacate or confirm an arbitration award de novo based on the entire record. *See Denbury Onshore,* [*LLC v. Texcal Energy S. Tex., L.P.*, 513 S.W.3d 511, 515 (Tex. App.—Houston [14th Dist.] 2016, no pet.)]; *Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 85 (Tex. App.—Houston [1st Dist.] 2010, no pet.). All reasonable presumptions

are indulged in favor of the award, and the challenging party bears the burden to establish an allowable ground for vacatur. *See Denbury Onshore*, [513 S.W.3d at 515]; *Amoco D.T. Co. v. Occidental Petroleum Corp.*, 343 S.W.3d 837, 841 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). We must focus on the integrity of the process, not the propriety of the result. *See Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 826 (Tex. App.—Dallas 2009, no pet.).

*Howerton*, 2017 WL 710631, at *3.

Additionally, the Texas Supreme Court has stated the requirements for the record and for demonstrating error in an arbitration award:

A court must have a sufficient[6] record of the arbitral proceedings, and complaints must have been preserved, all as if the award were a court judgment on appeal. For efficiency's sake, arbitration proceedings are often informal; procedural rules are relaxed, rules of evidence are not followed, and no record is made. These aspects of arbitration, which are key to reducing costs and delay in resolving disputes, must fall casualty to the requirements for full judicial review. The parties can decide for themselves whether the benefits are worth the additional cost and delay, but the only review to which they can agree is the kind of review courts conduct. If error cannot be demonstrated, an award must be presumed correct.

*Nafta Traders*, 339 S.W.3d at 101–02 (footnotes omitted).

**B.    The Grounds for Vacatur**

Allowable grounds for vacatur include the following:

(a) On application of a party, the court shall vacate an award if:

---

[6]Throughout Spears's brief, it argues that the party challenging an arbitration award must bring forth a *complete* record. The Texas Supreme Court, however, has stated that a *sufficient* record is necessary. *See Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 101 (Tex. 2011). Here, where no record was taken, the distinction does not come into play, but we note the correct terminology and standard stated in *Nafta Traders*.

8

(1) the award was obtained by corruption, fraud, or other undue means;

(2) the rights of a party were prejudiced by:

> (A) evident partiality by an arbitrator appointed as a neutral arbitrator;

> (B) corruption in an arbitrator; or

> (C) misconduct or [willful] misbehavior of an arbitrator;

(3) the arbitrators:

> (A) exceeded their powers;

> (B) refused to postpone the hearing after a showing of sufficient cause for the postponement;

> (C) refused to hear evidence material to the controversy; or

> (D) conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party; or

(4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, and the party did not participate in the arbitration hearing without raising the objection.

Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a) (footnote omitted).  Of these grounds, Defendants challenged the arbitration award on the grounds that the award was obtained by fraud or other undue means, that the arbitrator refused to postpone the final hearing after a showing of sufficient cause, and that the arbitrator refused to hear material evidence.  Because the trial court granted Defendants' motion to vacate

without specifying the ground(s) on which it based its decision, we address each of the grounds in turn.

### 1. Fraud or Other Undue Means

The thrust of Defendants' motion to vacate was that Spears had obtained the arbitration award "by fraud or undue means by withholding evidence and falsely claiming [that] it was not paid amounts that it had been paid." Defendants argued that Spears, in support of its claim that Pay Apps 5 and 7 had not been paid, "presented a misleading exhibit – Arbitration Exhibit 13 – which clearly had its intended effect of misleading the [a]rbitrator to find that . . . Pay App 7 had not been paid." Defendants further claimed that "Spears may have produced altered or incomplete bank records in support of its arguments that it was not paid." Defendants later filed a supplement to their motion to which various monthly statements from Spears's bank were attached in an attempt to show that the exhibit that Defendants had allegedly offered during the final arbitration hearing (a half-page bank statement covering 5/1/2019 to 5/31/2019) differed from the bank statement (a two-page document covering that same period of time) that Defendants had subpoenaed from Spears's bank.

As noted above, no record was made of the arbitration hearing. Without a record from the final hearing, we are to presume the evidence was adequate to support the award. *See Nafta Traders*, 339 S.W.3d at 102; *Shah v. Star Anesthesia, P.A.*, 580 S.W.3d 260, 265 (Tex. App.—San Antonio 2019, no pet.) ("When there is no

10

transcript of the arbitration hearing, the appellate court will presume the evidence was adequate to support the award." (quoting *GJR Mgmt. Holdings L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 262–63 (Tex. App.—San Antonio 2003, pet. denied))).

Defendants do not argue that their vacatur grounds can be decided without a record from the arbitration hearing[7] but contend instead that they "submitted ample evidence" to the trial court of an altered exhibit used at arbitration. They point to their reply briefing, "subpoenaed complete bank records," a business-records affidavit for bank records, a document "showing Spears'[s] arbitration exhibit for [the] same bank statement [that had] removed itemized entries," and the affidavit of the attorney who represented Defendants in the arbitration proceeding, and they quote a portion from the record of the hearing on the motion to vacate during which the allegedly fraudulent half-page bank statement was compared to the subpoenaed two-page bank statement.

Defendants fail to point out, however, that no evidence was admitted or attached to the record of the hearing on the motion to vacate. Additionally, counsel's statements in post-arbitration briefing and briefing in this court concerning what occurred is not a substitute for a record of those proceedings. *See Alia Realty LLC v. Alhalwani*, No. 05-21-00265-CV, 2021 WL 4316119, at *3 (Tex. App.—Dallas Sept.

---

[7] *See, e.g.*, *Centex/Vestal v. Friendship W. Baptist Church,* 314 S.W.3d 677, 685 (Tex. App.—Dallas 2010, pet. denied) (considering pleadings and arbitration agreement in deciding vacatur ground based on arbitrator exceeding his authority); *Grand Homes 96, L.P. v. Loudermilk*, 208 S.W.3d 696, 706 (Tex. App.—Fort Worth 2006, pet. denied) (same).

23, 2021, pet. denied) (mem. op.); *see also Gordon v. Trucking Res. Inc.*, No. 05-21-00746-CV, 2022 WL 16945913, at *6 (Tex. App.—Dallas Nov. 15, 2022, no pet.) (mem. op.) (stating that there was no record of the arbitration proceedings except the arbitration award and that although the motion to vacate purported to provide the background and procedural history of the arbitration, that description did not constitute a record of the documents and the proceedings before the arbitrator, nor was it evidence that could be considered by the trial court or appellate court). Furthermore, Defendants may not rely on exhibits attached to the pleadings before the trial court, or more specifically their motion to vacate, for evidentiary purposes. *See Shah*, 580 S.W.3d at 265–66 (declining to consider exhibits attached to motion to vacate).

Even assuming that the half-page bank statement was the complained-of exhibit that was admitted during the final arbitration hearing and was discussed at the vacatur hearing, that document and the two-page bank statement list the same amounts for "OTHER CREDITS," which is the line item where bank wires were posted. None of the totals were fabricated. Instead, Defendants did not understand Spears's bank's method of posting wire transfers as other credits instead of as deposits. Additionally, the half-page document appears to be an enlargement of the portion of the May 2019 bank statement's "CHECKING SUMMARY." And the enlargement makes clear that it is "PAGE: 1 of 2," though no page 2 was attached to the half-page document. Defendants do not contend that they objected on the ground of optional completeness or that they requested to have Spears admit the

12

complete document, nor would we be able to confirm any such objection due to the

lack of any transcript from the arbitration hearing. Moreover, the arbitrator's final

award reflects that the arbitrator considered Defendants' arguments related to the

bank statements:

### Were Payments Made That Were Not Properly Credited?

[Defendants] argued that $145,393.[2]0 in payments were made to [Spears] for which [Defendants] did not receive proper credit. On this issue, the testimony varied widely at final hearing. [Defendants] testified to a communication with [Spears's] former bank that indicated receipt of a wire payment from [Defendants'] bank, although no specific payment amount was confirmed with the bank. [Defendants] introduced evidence [that] they allege documents transfers from [Defendants] to [Spears's] former bank. [Spears] argues that this contention was only made for the first time a few weeks prior to final hearing, a time that is long after the commencement of the dispute. [Defendants] argued that the copies of bank records furnished by [Spears] appeared to be altered and were suspicious. [Spears] argued that the copies of the bank records were true and correct when compared to originals. [*Defendants*] *argued that certain information on [Spears's] bank records indicated receipt of payments while [Spears] gave alternative explanations for that information.*

[Defendants] made suggestions about how to resolve these disputed facts. Although clarity would be welcome regarding whether alleged payments were or were not actually made and received, the Arbitrator was not convinced that [Defendants'] suggestions would actually resolve the issue quickly or with certainty. The Arbitrator does not want to create a windfall for one party or the other. However, this dispute is approaching two years old and if the Project accounting is still uncertain at this point, that is one of the matters that the Arbitrator will have to decide based on the information furnished by the Parties at final hearing.

Weighing all of the communications, information[,] and actions of the Parties, the Arbitrator concludes that the alleged payments in the amount of $145,393.[2]0 should not be credited against the balance

claimed by [Spears] or awarded under the partial summary judgment.[8] [Emphasis added.]

Based on the arbitrator's summary of the proceedings, he had evidence from Defendants showing the wire transfers that they had made to Spears's bank, as well as testimony that "varied widely." Indeed, the sentence that we have italicized in the quote from the final award highlights that Defendants raised the issue before the arbitrator that they now claimed was concealed—"certain information on [Spears's] bank records indicated receipt of payments." This statement suggests that Defendants both knew of and litigated the issue with the arbitrator that is the basis for their vacatur ground of fraud.

The arbitrator, as the factfinder, was entitled to make credibility determinations and to decide which testimony to believe. *See Ouzenne v. Haynes*, No. 01-10-00112-CV, 2012 WL 1249420, at *2 (Tex. App.—Houston [1st Dist.] Apr. 12, 2012, pet. denied) (mem. op. on reh'g) (citing *Xtria L.L.C. v. Int'l Ins. Alliance Inc.*, 286 S.W.3d 583, 597 (Tex. App.—Texarkana 2009, pet. denied)). As the Dallas Court of Appeals explained in a similar case,

> To the extent appellees assert [that] the arbitrator struggled to follow the accounting and was "left searching" for the truth, we cannot agree. First, as previously stated, we do not have a record of the arbitration hearing and must presume the evidence adequately supports the award. Second, the arbitration award states that the arbitrator's facts and

---

[8]Spears attached as an exhibit to its motion to confirm the arbitration award its motion for partial summary judgment on its breach of contract and Prompt Payment Act claims as to liability only. The record includes an order from the arbitrator granting the partial summary judgment.

conclusions were "established by the evidence to be true and necessary to the Award" based on the parties' offers of proof, evidence submitted, and counsels' arguments. The arbitrator made credibility determinations when the parties' positions differed. As such, despite any questions or concerns regarding the accounting, the arbitrator ultimately considered the evidence, made credibility determinations, and found in favor of appellants.

*Alia Realty*, 2021 WL 4316119, at \*4 (citation omitted).

Here, the arbitrator's statement suggests that he considered the very issue that Defendants now rely on to vacate the award. They bring us no record to undermine the view that the arbitrator simply resolved the payment issue adversely to Defendants' contention that payment was made. Thus, it appears that Defendants are using the motion to vacate not in reality to raise a fraud claim but in an effort to end run their inability to challenge an adverse ruling by the arbitrator.

Nor do Defendants explain why the arbitrator erred by resolving an issue so central to their controversy—documenting what payments were made—that was left uncertain two years into the controversy. What payments Spears's bank records reflected that it had received would seem to be an obvious source of evidence on the question. And with no sufficient record to challenge his action, Defendants fail to explain why the arbitrator acted improperly by proceeding to resolve the dispute that had been pending for two years when he noted the accounting of what payments had been made remained uncertain and that it was unclear that what the Defendants proposed would clarify the record. Again, the Defendants appear to simply want to relitigate an issue the arbitrator considered but resolved adversely to them.

15

Moreover, to vacate an arbitration ruling because of fraud, the movant must establish (1) fraud by clear and convincing evidence, (2) the fraud must not have been discoverable upon the exercise of due diligence prior to or during the arbitration, and (3) the person seeking to vacate the award must demonstrate that the fraud materially related to an issue in the arbitration. *Las Palmas Med. Ctr. v. Moore*, 349 S.W.3d 57, 67 (Tex. App.—El Paso 2010, pet. denied). Here, Defendants failed to establish by clear and convincing evidence that the alleged fraud was not discoverable prior to the final arbitration as they raised it as a ground to postpone the final hearing and raised it again at the final hearing. *See Petrobras Am., Inc. v. Astra Oil Trading NV*, No. 01-11-00073-CV, 2012 WL 1068311, at \*19 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, no pet.) (mem. op.) (stating that "[r]egardless of the propriety of these allegations, [appellant] made no showing that the fraud was not discoverable on the exercise of due diligence before or during arbitration" and that "[t]o the contrary, documents submitted by [appellee] in response to the vacatur motion show that, before the arbitration, [appellant] was aware that the funds had been wire transferred"); *Good Times Stores, Inc. v. Macias*, 355 S.W.3d 240, 245 (Tex. App.—El Paso 2011, pet. denied) ("[Appellee] has not shown that [appellant's] conduct was not discoverable by due diligence during the arbitration hearing as it was an issue addressed by the parties during the arbitration proceedings."); *Las Palmas Med. Ctr.*, 349 S.W.3d at 68 (holding that appellees failed to establish by clear and convincing evidence that the alleged fraud by nondisclosure was not discoverable prior to or during the arbitration where

16

the record showed that they had discovered the information prior to the final arbitration hearing). And despite Defendants' discovery of the alleged fraud prior to the final hearing, Defendants failed to request that a transcript be made of the final hearing. Defendants took that risk and now "must fall casualty to the requirements for full judicial review." *See Nafta Traders*, 339 S.W.3d at 101.

We must indulge all reasonable presumptions in favor of the award, and in the absence of any record of the final arbitration hearing—much less a sufficient record—we presume that the evidence supports the award. *See id.* at 102; *Alia Realty*, 2021 WL 4316119, at *4; *Howerton*, 2017 WL 710631, at *3; *cf. ZTE Corp. v. Universal Tel. Exch., Inc.*, No. 05-17-00781-CV, 2018 WL 6039694, at *5–6 (Tex. App.—Dallas Nov. 19, 2018, pet. denied) (mem. op.) ("Where, as here, there is no transcription or record of the arbitration hearing, [appellee] cannot establish the arbitration award was procured by [undue means]" when appellee alleged that appellant had intentionally withheld or destroyed information pertaining to the transactions involved in the arbitration).

## 2. Remaining Vacatur Grounds

Defendants and Intervenor argue that we should uphold the order vacating the arbitration award because Spears did not challenge the merits of the vacatur grounds and therefore waived them. We disagree. Spears's argument, which is grounded on the lack of a record from the final arbitration hearing and the continuance hearing, undermines all of the vacatur grounds that Defendants raised in their motion to

vacate, including that the arbitrator refused to postpone the final hearing after a showing of sufficient cause and that the arbitrator refused to hear material evidence. We discuss each of these below.

### a. Refusal to Postpone the Final Hearing

In addition to fraud, Defendants argued that the arbitration award should be vacated because the arbitrator refused to postpone the final hearing after a showing of sufficient cause. The record, however, does not contain any motion or affidavit to support Defendants' request for a continuance.[9] This court has previously summarized the standard for granting a continuance as follows:

> A trial court may grant a continuance only upon "sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251; *see also* Tex. R. Civ. P. 252. [Appellant's] postponement requests were not verified or supported by affidavit; thus, we may presume that the arbitrator did not abuse his discretion by denying his requests. *See Cheng Copeland, PLLC v. Chenevert*, No. 01-15-01076-CV, 2016 WL 3222936, at *4 (Tex. App.—Houston [1st Dist.] June 9, 2016, no pet.) (mem. op.).

---

[9]The only documents in the record pertaining to the continuance of the arbitration proceeding are as follows:

(1) an email dated November 4, 2021, from Defendants' counsel to the American Arbitration Association and to Spears's counsel requesting an emergency conference that same day or the next day with the arbitrator to seek a continuance of the final hearing that was scheduled for the following week; and

(2) a November 4, 2021 "Order On Motion For Continuance," which states that "[t]he Parties conducted an oral argument call on November 4, 2021, to consider a [m]otion for [c]ontinuance" and that after considering the oral arguments of counsel, the arbitrator denied the motion.

18

*Howerton*, 2017 WL 710631, at *4. Because the record before us lacks a motion for continuance that complies with Rule 251 and any transcription of the hearing on the request for a continuance, we may presume that the arbitrator did not abuse his discretion by denying Defendants' request. *See* Tex. R. Civ. P. 251; *Howerton*, 2017 WL 710631, at *4.

### b. Refusal to Hear Material Evidence

As their final vacatur ground, Defendants argued that the arbitrator refused to hear material evidence and denied Defendants the opportunity to present material evidence. We are at a loss for how Defendants expect us to review this ground without a record of the arbitration hearing. As the Dallas Court of Appeals stated in *ZTE Corp.*, "Again, with no record of the arbitration hearing proceedings before us, we do not know what evidence [appellee] presented to the arbitrator nor can we review the arbitrator's conduct in connection with this complaint [that the arbitrator refused to consider relevant and material evidence]." 2018 WL 6039694, at *6. Thus, we must presume that the arbitration award is correct.

### C. Outcome

Because none of the vacatur grounds alleged by Defendants are supported by a record from the arbitration proceeding or the record that we have before us,[10] the trial

---

[10]Based on our holding, we need not address Defendants' alternative argument contending that there is a miscalculation in the award due to the alleged "double recovery" caused by the arbitrator's not subtracting from the award the Pay App 5

19

court was required to confirm the arbitration award. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.087; *Las Palmas Med. Ctr.*, 349 S.W.3d at 73. We therefore conclude that the trial court erred by vacating, rather than confirming, the arbitration award. Accordingly, we sustain Spears's sole issue.

## IV. Conclusion

Having sustained Spears's sole issue, we reverse the trial court's July 29, 2022 order granting Defendants' motion to vacate the arbitration award and denying Spears's motion to confirm, and we render judgment confirming the final arbitration award issued on January 5, 2022.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: February 9, 2023

---

and 7 payments totaling $145,393.20 and seeking a rendition of a corrected award or a remand to have the trial court recalculate the damages. *See* Tex. R. App. P. 47.1.